# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 05-2342

_____

United States of America,                    *
                                              *
            Plaintiff - Appellee,             *
                                              *    Appeal from the United States
      v.                                      *    District Court for the Western
                                              *    District of Missouri.
Daniel W. Porter,                             *
                                              *
            Defendant - Appellant.            *

_____

Submitted: December 13, 2005
Filed: March 7, 2006 (corrected 3/10/06)

_____

Before BYE, BEAM and GRUENDER, Circuit Judges.

_____

BYE, Circuit Judge.

Daniel W. Porter pleaded guilty to being a felon in possession of firearms in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2). The presentence investigation report (PSR) determined his criminal history category was II and calculated his guideline sentencing range at forty-one to fifty-one months. The district court[1] concluded Porter's criminal history was understated and departed upward under United States Sentencing Guidelines (U.S.S.G.) § 4A1.3 to criminal history category IV, resulting in a guideline sentencing range of fifty-seven to seventy-one months.

_____

[1]The Honorable Ortrie D. Smith, United States District Judge for the Western District of Missouri.

After considering the 18 U.S.C. § 3553(a) sentencing factors, the district court imposed a non-guidelines sentence of 120 months – the statutory maximum for the offense. On appeal, Porter argues the guidelines departure was an abuse of discretion and the non-guidelines sentence was unreasonable. We affirm.

I

In June 2004, Porter and his wife Tina were living apart. On June 5, Porter picked up his two children – ages seven and eight – for a weekend visitation. He later sent a text message to his wife instructing her to go to a local park and retrieve a note. In the note, Porter stated he had given the children to a family who would care for them. Tina immediately contacted the police and on June 10 Porter was arrested and charged in state court with parental kidnapping. The charge was later amended to include terrorizing and kidnapping. In the course of the investigation into his missing children, Porter admitted throwing nine to fourteen guns into the Missouri River in late May 2004. He told police he intended to kill himself and threw the guns away so no one else would have them. Police recovered six of the firearms from the area where Porter disposed of them.

Porter was charged with being a felon in possession of firearms and pleaded guilty. At the sentencing hearing, the district court determined Porter's criminal history category II under-represented his criminal history and departed upward under § 4A1.3 to criminal history category IV. In deciding to depart, the court considered two uncounted prior convictions – a 1984 conviction for carrying a concealed weapon and a 1989 conviction for stealing. The court also took into account several pending and unresolved state charges, including a charge of driving while intoxicated on June 7, 2004, the violation of an adult abuse order on June 10, 2004, and the parental kidnapping, kidnapping, and terrorizing charges. The court found by a preponderance of the evidence Porter committed the pending offenses and concluded Porter's criminal history was better represented by criminal history category IV. Accordingly, the

district court departed upward to a guideline sentencing range of fifty-seven to seventy-one months.

Next, the district court considered the sentencing factors set forth in § 3553(a). The court found the nature and circumstances of the felon in possession offense unremarkable when compared to similar offense conduct. The court also concluded Porter's characteristics, the seriousness of the offense, and the need to provide just punishment, were appropriately addressed by the guideline range of fifty-seven to seventy-one months. However, after considering deterrence and the need to protect the public – specifically Tina Porter – the court concluded the guideline sentence was insufficient. The court stated

> [T]here seems to be no point at which Mr. Porter is willing to stop in his desire to inflict injury and pain on Mrs. Porter. Even to the point of taking the parents away from Lindsey and Samuel [the Porters' children].
>
> You didn't just take Mrs. Porter away from them. You took yourself away from them. And assuming those kids are well and alive, it almost brings me to the point of tears to think of the pain that those kids must be feeling. I'm not sure that there is any sentence that I am permitted to impose under law that would deter Mr. Porter from his desire to inflict pain on Mrs. Porter.

Sent. Tr. at 55.

After taking these factors into account, the court imposed a non-guideline sentence of 120 months – the statutory maximum, and ordered the federal sentence to run consecutive to any state sentence if Porter was convicted of the pending parental kidnapping, kidnapping, and terrorizing charges. Porter argues the guidelines departure was an abuse of discretion and the non-guidelines sentence was unreasonable.

## II

At sentencing, a district court must determine the appropriate guideline sentencing range, including whether "a traditional departure is appropriate under . . . the Federal Sentencing Guidelines." United States v. Haack, 403 F.3d 997, 1002-03 (8th Cir. 2005), cert. denied, 126 S. Ct. 276 (2005). "Once the guidelines sentence is determined, the court shall then consider all other factors set forth in [18 U.S.C.] § 3553(a) to determine whether to impose the sentence under the guidelines or a non-guidelines sentence." Id. at 1003. On appeal, we review the district court's interpretation and application of the guidelines de novo and any departure from the guideline range for an abuse of discretion. United States v. Mashek, 406 F.3d 1012, 1017 (8th Cir. 2005). If we conclude the guidelines were properly employed, we next "review [the] sentence for unreasonableness, guided by the sentencing factors listed in 18 U.S.C. § 3553(a)." United States v. Pizano, 403 F.3d 991, 995 (8th Cir. 2005).

We first consider whether the district court abused its discretion when it departed upward under § 4A1.3. Section 4A1.3 states

> If reliable information indicates that the criminal history category does not adequately reflect the seriousness of the defendant's past criminal conduct or the likelihood that the defendant will commit other crimes, the court may consider imposing a sentence departing from the otherwise applicable guideline range.

Under § 4A1.3 the district court may consider "[p]rior sentence(s) not used in computing the criminal history category," § 4A1.3(a)(2)(A), "[i]f the court finds that a [prior] sentence . . . is evidence of similar, or serious dissimilar, criminal conduct . . .," U.S.S.G. § 4A1.2 cmt. n.8. The court may also take into account "prior similar adult criminal conduct not resulting in a criminal conviction." § 4A1.3(a)(2)(E); see also United States v. Joshua, 40 F.3d 948, 953 (8th Cir. 1994) (holding the guidelines permit a district court to consider conduct underlying pending charges if it is

admitted). Here, the district court counted Porter's previous convictions for carrying a concealed weapon and stealing, and took into account the conduct underlying the pending state charges for parental kidnapping, kidnapping, and terrorizing.

Porter argues the district court should not have considered his previous conviction for carrying a concealed weapon because it was a misdemeanor and there is no evidence the weapon was a firearm. We disagree. The charge of carrying a concealed weapon implies the same concerns as does the possession of firearms by a felon, irrespective of whether the weapon was a firearm. Accordingly, we conclude the district court properly considered the conviction as evidence of prior similar or serious criminal conduct. See United States v. Lang, 898 F.2d 1378, 1380-81 (8th Cir. 1990) (holding district court properly considered, among others, prior misdemeanor conviction for carrying a concealed weapon when imposing an upward departure under § 4A1.3.)

Next, Porter argues the 1989 conviction for stealing should not have been considered as it represents neither similar nor serious criminal conduct. We agree the charge of stealing was not similar to the possession of firearms charge. Moreover, it involved the theft of two pigs and did not reflect serious criminal conduct. Nevertheless, under the facts of this case, it is apparent the district court's overriding concern in fashioning an appropriate sentence was the likelihood Porter would commit future crimes and the need to protect the public. Thus, in this instance, we conclude the 1989 charge was properly considered as a basis for the departure. See United States v. Agee, 333 F.3d 864, 867 (8th Cir. 2003) ("[E]ven offenses which are minor and dissimilar to the instant crime may serve as evidence of the likelihood of recidivism if they evince the defendant's incorrigibility.").

Finally, Porter argues the pending state charges should not have been considered under § 4A1.3(a)(2)(E) because they do not involve "prior" criminal conduct. Instead, his possession of firearms predated the conduct underlying the state

charges. The government argues the district court properly considered the conduct as Porter failed to object to the factual basis as set forth in the PSR.

The factual predicate for the district court's consideration of the pending charges is not at issue. Porter did not object to the PSR's statement of the facts underlying the state charges and they are deemed admitted. The more salient issue is whether this conduct – occurring after the conduct underlying Porter's guilty plea – was properly considered under § 4A1.3(a)(2)(E). We believe it was. The information which may be considered by a district court when departing under § 4A1.3 is not limited to those enumerated examples listed under § 4A1.3(a)(2). United States v. Sweet, 985 F.2d 443, 446 (8th Cir. 1993) (noting the district court's consideration of information upon which to base a departure includes but is not limited to those enumerated factors in § 4A1.3(a)(2)(A)-(E)). Instead, the court is free to consider, among other information, the substantial likelihood a defendant will commit future crimes or his capacity for future violence. Id. at 445; United States v. Cook, 972 F.2d 218, 222 (8th Cir. 1992). The district court discussed Porter's ongoing desire to harm his wife, and noted its belief there was no sentence that would dissuade him from inflicting future injury and pain. Moreover, it was apparent Porter intended to persist in depriving his children of their mother and to prevent her from reuniting with them.[2] In view of these serious concerns, we conclude the district court properly considered Porter's propensity to commit future crimes and his capacity for future violence as a basis for departing under § 4A1.3.

We next consider whether the district court's imposition of a ten-year sentence was unreasonable. See United States v. Booker, 543 U.S. 220, 125 S.Ct. 738, 766 (2005) (directing appellate courts to review sentences imposed under the advisory guidelines system for "unreasonableness" with regard to the factors enumerated in

---

[2]During police interrogations Porter claimed he placed the children with another family, sold them or killed them. The Porter children have never been found.

§ 3553(a)).  Under <u>Booker</u>, courts must consider the nature and circumstances of the offense; the history and characteristics of the defendant; the need to provide deterrence, protect the public, and rehabilitate the defendant; and the kinds of sentences available.  125 S.Ct. at 757; <u>see also</u> § 3553(a).

The non-guidelines sentence imposed by the district court represents a significant upward deviation from the guideline sentencing range – even after the upward departure under § 4A1.3.  Nevertheless, our review of the record satisfies us the district court carefully evaluated the § 3553(a) factors, and after applying them to the unique facts of this case, arrived at an appropriate sentence.  Like the district court, we are particularly mindful of the need to protect Mrs. Porter and the public.  Further, assuming the Porter children have not already fallen victims to serious harm, we conclude this sentence will best ensure they suffer no future harm at the hands of their father.

### III

The order and judgment of the district court are affirmed.

_____