# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 05-4364

_____

| | | |
|---|---|---|
| United States of America, | * | |
| | * | |
| Appellee, | * | |
| | * | Appeal from the United States |
| v. | * | District Court for the |
| | * | Northern District of Iowa. |
| Richard Mathis, | * | |
| | * | |
| Appellant. | * | |

_____

Submitted: June 14, 2006
Filed: June 29, 2006

_____

Before BYE, LAY, and RILEY, Circuit Judges.

_____

BYE, Circuit Judge.

Richard Mathis pleaded guilty to sexual exploitation of a child in violation of 18 U.S.C. § 2251(a), and the district court[1] sentenced him to 214 months of imprisonment. He appeals, asserting the district court imposed an unreasonable sentence in violation of 18 U.S.C. §§ 3553(a) and 3582(a) by imposing the sentence consecutive to an undischarged state sentence. Because the sentence is not unreasonable and the district court correctly applied the factors under United States Sentencing Guidelines (U.S.S.G.) § 5G1.3 and 18 U.S.C. § 3553(a), we affirm.

_____

[1]The Honorable Linda R. Reade, United States District Judge for the Northern District of Iowa.

# I

Mathis was living with a woman and T.A., her ten year old daughter from a prior relationship. In January 2004, he took nine digital photographs of the girl in sexually suggestive or explicit poses. The photographs depicted, among other things, T.A. performing oral sex on Mathis. Other photographs depicted the girl posing in a red dress and her mother's underwear. The photographs, which were stored on disk, were subsequently discovered by T.A.'s mother in Mathis's toolbox in the garage. He was charged with violating Iowa Code § 709.3, Sexual Abuse in the second degree.

After the state charge, a former girlfriend of Mathis came forward and claimed her daughter, B.B., had been sexually abused by him as well. Another state charge was filed on the basis of this allegation, and he pleaded guilty to sexually abusing T.A. He entered an Alford[2] plea on four counts of sexually abusing B.B. The state judge sentenced him to twenty-five years in both cases and ordered the sentences to be served concurrently with each other. The state court also recommended his sentences be served concurrently with any subsequently imposed federal sentence.

On November 17, 2004, Mathis was indicted by a federal grand jury for sexual exploitation of T.A. in violation of 18 U.S.C. § 2251(a). While admitting his four state convictions for sexually abusing B.B., he denied committing the crimes and argued the district court should not consider the facts underlying the B.B. convictions as relevant conduct for federal sentencing purposes because he entered an Alford plea to these charges. The district court sentenced him to 214 months of imprisonment to be served concurrently with the undischarged state sentence related to the T.A. offense, and consecutively to the undischarged state sentence related to the B.B. offense. The district court also imposed a term of supervised release for fifteen years.

---

[2]North Carolina v. Alford, 400 U.S. 25, 37 (1970) (allowing a defendant to plead guilty without admitting guilt by acknowledging the government's evidence is sufficient to obtain a conviction).

II

We review a district court's interpretation and application of the sentencing guidelines de novo. United States v. Porter, 439 F.3d 845, 848 (8th Cir. 2005). Post-Booker,[3] we review the ultimate sentence imposed by the district court for reasonableness, which is akin to our traditional abuse-of-discretion review. United States v. Shafer, 438 F.3d 1225, 1227 (8th Cir. 2006).

Section 5G1.3 addresses whether a sentence should run concurrent with or consecutive to an undischarged prison term. According to § 5G1.3(b), a sentence shall run concurrently to an undischarged term of imprisonment if the offense giving rise to the state conviction was relevant conduct and the basis for an increase in the offense level for the charged offense. While Mathis was sentenced to two state offenses, only the conduct underlying his state court conviction for sexually exploiting T.A. is the subject of the federal charges. The Supreme Court described § 5G1.3(b) as part of the "safeguards built into the Sentencing Guidelines" to protect a defendant "against having the length of his sentence multiplied by duplicative consideration of the same criminal conduct." Witte v. United States, 515 U.S. 389, 405 (1995). The district court thus correctly applied § 5G1.3(b) with regard to the state court conviction for exploiting T.A., ordering the two sentences to run concurrently.

The district court did not consider Mathis's state court conviction for exploiting B.B. nor the underlying conduct in computing his total offense level.[4] The district court applied § 5G1.3(c) to make the federal sentence consecutive with his

---

[3]United States v. Booker, 543 U.S. 220 (2005).

[4]Mathis argues the district court did actually consider the conduct underlying his conviction for exploiting B.B. However, the district court stated it did not consider the conduct and Mathis provides nothing to substantiate his claim beside conjecture. Accordingly, we conclude his argument to be without merit.

undischarged state court sentence for exploiting B.B.  Section 5G1.3(c) provides the court wide discretion to order a federal sentence to run consecutively to an undischarged state offense.  United States v. Atteberry, 447 F.3d 562, 564 (8th Cir. 2006).

According to Application Note 3(A) to U.S.S.G. § 5G1.3, the objective of imposing a sentence concurrently, partially concurrently, or consecutively under § 5G1.3(c) is to "achieve a reasonable incremental punishment for the instant offense and avoid unwarranted disparities."  The sentencing guidelines create a procedure for determining the "reasonable incremental punishment."   First, the court should consider the statutory factors under 18 U.S.C. § 3584 (referencing 18 U.S.C. § 3553(a)).  U.S.S.G. § 5G1.3, cmt. n.3.  The § 3553(a) factors also guide the appellate courts in determining whether the imposed sentence was reasonable. United States v. Yahnke, 395 F.3d 823, 824 (8th Cir. 2005).  Second, the court should consider the type and length of the prior undischarged sentence.  U.S.S.G. § 5G1.3, cmt. n.3.  Third, the court should consider the time served on the undischarged sentence and the time likely to be served before release.  Id.  The fourth consideration is whether the prior undischarged sentence may have been imposed in state court rather than federal court, or at a different time before the same or different federal court.  Id.  Finally, the district court should consider any other circumstance relevant to the determination of an appropriate sentence for the instant offense.  Id.  The district court considered these factors and used its discretion to impose a consecutive sentence.  This was not an abuse of discretion.  See Shafer, 438 F.3d  at 1227.

Mathis does not argue the length of his sentence, which was within the advisory guideline range, was unreasonable.  Rather, he contends imposition of a consecutive sentence is unreasonable because it was greater than necessary to satisfy 18 U.S.C. § 3553(a).  When applying the factors under 18 U.S.C. § 3553(a), a district court is not required to recite categorically each statutory factor, as long as it is clear the factors were considered.  United States v. Walker, 439 F.3d 890, 892 (8th Cir. 2006).  Here,

as in <u>Walker</u>, the district court acknowledged it was required to consider the § 3553(a) factors and confirmed it did consider them.

Mathis claims the consecutive federal sentence runs contrary to the state court judge's intent to have all sentences run concurrently. Despite Mathis labeling this a "slap in the face" to the state court judge, the district court was well within its discretion to impose a consecutive sentence, regardless of the state court's sentence. <u>See</u> <u>Atteberry</u>, 447 F.3d at 564.

We conclude the district court did not act unreasonably by imposing a consecutive federal sentence to an undischarged state sentence. The district court correctly applied the § 3553(a) factors and U.S.S.G. § 5G1.3.

III

The district court's judgment is affirmed.

_____