# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 06-2312

_____

United States of America,      *
     *
         Plaintiff - Appellee,      *
     * Appeal from the United States
       v.      * District Court for the
     * Northern District of Iowa.
Julian Montize Herman,      *
     * [UNPUBLISHED]
         Defendant - Appellant.      *

_____

Submitted: November 14, 2006
Filed:November 17, 2006

_____

Before MURPHY, ARNOLD, and BENTON, Circuit Judges.

_____

PER CURIAM.

Julian Montize Herman was charged with two counts of unlawfully possessing a firearm, in violation of 18 U.S.C. §§ 922(g)(1) and g(9), after he sold a rifle to a Sioux City, Iowa pawn shop in May 2004. Herman was prohibited by law from possessing a firearm because he was a convicted felon and because he had a previous domestic abuse misdemeanor conviction. He pled guilty to both counts, and the district court[1] sentenced him to 45 months to run consecutively to his undischarged state sentences. Herman appeals, challenging the reasonableness of his sentence and

_____

[1]The Honorable Mark W. Bennett, Chief Judge, United States District Court for the Northern District of Iowa.

arguing that the two counts of firearm possession should have been merged. We affirm the reasonableness of his sentence but remand to the district court to vacate one count of conviction.

The district court calculated a total offense level of 12 with a criminal history category of V, resulting in an advisory guideline range of 27-33 months. The court concluded that an upward departure to criminal history category VI was warranted, increasing Herman's advisory guideline range to 30-37 months. The court then made an upward variance and sentenced Herman to 45 months imprisonment to run consecutively to concurrent five and ten year state sentences for drug offenses. On appeal Herman challenges the imposition of a consecutive sentence and argues that the sentence is unreasonable.

We review a sentence for reasonableness in light of the § 3553(a) factors, United States v. Booker, 543 U.S. 220, 260 (2005), applying an abuse of discretion standard. See, e.g., United State v. Hacker, 450 F.3d 808, 811 (8th Cir. 2006) (departure); United States v. Ture, 450 F.3d 352, 356 (8th Cir. 2006) (variance). A sentencing court abuses its discretion if it "fails to consider a relevant factor that should have received significant weight, gives significant weight to an improper or irrelevant factor, or considers only the appropriate factors but commits a clear error of judgment in weighing those factors." United States v. Long Soldier, 431 F.3d 1120, 1123 (8th Cir. 2005). Because Herman failed to object at the time of sentencing to the imposition of a consecutive sentence, we review that decision for plain error only. United States v. Franklin, 397 F.3d 604, 607 (8th Cir. 2005).

The district court departed upward because it found that Herman's criminal history category substantially underrepresented the likelihood that he would commit future criminal acts, noting that since he became an adult Herman has "committed crimes in virtually every year of his life..." The district court's upward variance of 8 months was based on the factors in 18 U.S.C. § 3553, especially Herman's "high degree of dangerousness." Given his criminal history, which includes three assaults

and several crimes not included in his history score, the nature of his present crime, and his pattern of violent conduct for which he has received lenient sentences in the past, we cannot say that the district court abused its discretion. We find no plain error in the decision to make his present sentence consecutive to his state sentence since he would otherwise have faced no additional penalty as a result of his unlawful possession of a firearm. See United States v. Mathis, 451 F.3d 939, 941 (8th Cir. 2006) (court has wide discretion under U.S.S.G. § 5G1.3 to order a federal sentence to run consecutively with an undischarged state sentence).

Herman also challenges the district court's failure to merge his two counts of conviction, citing United States v. Richardson, 439 F.3d 421 (8th Cir. 2006) (en banc) (per curiam). In Richardson, we held that a defendant involved in a single incident of possession may be prosecuted for only one charge of unlawful firearm possession under 18 U.S.C. § 922(g), even if he fits within more than one prohibited class. Id. at 422. Here, the government concedes that the record must be corrected to include only one count of conviction.

Accordingly, we affirm Herman's sentence but remand to the district court with instructions to vacate one of his unlawful possession convictions.

_____