# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 06-1926

_____

United States of America,

    Appellee,

  v.

Steven Stands,

    Appellant.

\*   Appeal from the United States
\*   District Court for the
\*   District of South Dakota.
\*   [UNPUBLISHED]

_____

Submitted: January 3, 2007
Filed: January 10, 2007

_____

Before SMITH, MAGILL, and BENTON, Circuit Judges.

_____

PER CURIAM.

Steven Stands appeals the 14-month sentence the district court[1] imposed after he pleaded guilty to knowingly and intentionally possessing marijuana with intent to distribute, in violation of 21 U.S.C. § 841(a)(1). His counsel has requested permission to withdraw, filing a brief under Anders v. California, 386 U.S. 738 (1967).

On appeal, Stands's counsel questions whether the court abused its discretion in sentencing Stands to 14 months in prison. We find that Stands's sentence was not

_____

[1]The Honorable Charles B. Kornmann, United States District Judge for the District of South Dakota.

unreasonable under 18 U.S.C. § 3553(a).  See United States v. Booker, 543 U.S. at 220, 261-62 (2005) (appellate courts must review sentences for unreasonableness, using § 3553(a) as guide).  Stands's sentence was within the undisputed Guidelines range, and nothing in the record rebuts the presumption of reasonableness.  See United States v. Shepard, 462 F.3d 847, 875 (8th Cir.) (sentences within Guidelines are presumptively reasonable; presumptively reasonable sentence may be found unreasonable if sentencing court (1) failed to consider relevant factor that should have received significant weight; (2) gave significant weight to improper or irrelevant factor; or (3) considered only appropriate factors, but in weighing those factors committed clear error of judgment (citations omitted)), cert. denied, 2006 WL 3245008 (Dec. 11, 2006) (No. 06-7647); United States v. Lincoln, 413 F.3d 716, 717-18 (8th Cir.) (defendant bears burden to rebut presumption of reasonableness), cert. denied, 126 S. Ct. 840 (2005).  Notably, the district court expressly considered Stands's criminal history and the circumstances of his offense.  See 18 U.S.C. § 3553(a)(1) (factors include nature and circumstances of offense and history and characteristics of defendant).  We thus conclude that the district court did not abuse its discretion in sentencing Stands to 14 months in prison.  See United States v. Mathis, 451 F.3d 939, 941 (8th Cir. 2006) ("Post-Booker, we review the ultimate sentence imposed by the district court for reasonableness, which is akin to our traditional abuse-of-discretion review."  (citation omitted)).

Having carefully reviewed the record in accordance with Penson v. Ohio, 488 U.S. 75, 80 (1988), we find no other nonfrivolous issues.  Accordingly, we affirm the judgment and grant counsel's request to withdraw.

_____