# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

———————

No. 06-2422

———————

| | | |
|---|---|---|
| United States of America, | * | |
| | * | |
| Appellee, | * | |
| | * | Appeal from the United States |
| v. | * | District Court for the |
| | * | Eastern District of Missouri. |
| Michael Crump, | * | |
| | * | [UNPUBLISHED] |
| Appellant. | * | |

———————

Submitted: May 4, 2007
Filed: May 18, 2007

———————

Before COLLOTON, BEAM, and BENTON, Circuit Judges.

———————

PER CURIAM.

In this direct criminal appeal of his 180-month prison sentence for being a felon in possession of a firearm, Michael Crump (Crump) challenges on constitutional grounds the district court's[1] finding that he had three sentence-enhancing prior convictions, and he challenges the district court's order that his sentence run consecutively to his state sentence for a parole violation.

---

[1]The Honorable Henry E. Autrey, United States District Judge for the Eastern District of Missouri.

Because Crump did not assert his constitutional argument in the district court, we review the issue for plain error only. *See United States v. Conelly*, 451 F.3d 942, 944 (8th Cir. 2006). We hold that no error--much less plain error-- occurred because the district court had authority to find that Crump had the prior convictions at issue. *See United States v. Booker*, 543 U.S. 220, 244 (2005) (any fact other than prior conviction which is necessary to support sentence exceeding maximum authorized by facts established by guilty plea or jury verdict must be admitted by defendant or proved to jury beyond reasonable doubt); *Almendarez-Torres v. United States*, 523 U.S. 224, 244-46 (1998) (recidivism, as basis for increasing sentence, need not be charged in indictment and may be subsequently decided by court at sentencing); *United States v. Strong*, 415 F.3d 902, 907 (8th Cir. 2005) (construing *Booker* as reaffirming holding in *Almendarez-Torres*), *cert. denied*, 126 S. Ct. 1121 (2006); *see also United States v. Pirani*, 406 F.3d 543, 550 (8th Cir.) (en banc) (under plain-error standard, there must be (1) error, which is (2) plain and (3) affects substantial rights, and (4) error must seriously affect fairness, integrity, or public reputation of judicial proceedings), *cert. denied*, 126 S. Ct. 266 (2005).

We also hold that the district court did not abuse its discretion in ordering Crump's federal sentence to run consecutively to his undischarged state sentence where the court imposed the consecutive sentence upon consideration of the sentencing factors in 18 U.S.C. § 3553. *See* U.S.S.G. § 5G1.3(c) (sentence may be imposed to run concurrently, partially concurrently, or consecutively to undischarged term of imprisonment to achieve reasonable punishment for instant offense); *United States v. Shafer*, 438 F.3d 1225, 1227 (8th Cir. 2006) (imposition of consecutive sentence is reviewed under reasonableness standard, which is akin to abuse-of-discretion standard); *United States v. Mathis*, 451 F.3d 939, 941-42 (8th Cir. 2006) (describing court's discretion under § 5G1.3(c) as "wide"; court did not abuse its discretion in applying § 3553 factors and imposing consecutive sentence).

The judgment of the district court is affirmed.

_____