# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 06-2606

_____

United States of America,      *
     *
         Appellee,      *
     *    Appeal from the United States
       v.      *    District Court for the
     *    Eastern District of Missouri.
Latonya Arnold,      *
     *      [UNPUBLISHED]
         Appellant.      *

_____

Submitted: May 23, 2007
Filed: May 29, 2007

_____

Before RILEY, MAGILL, and MELLOY, Circuit Judges.

_____

PER CURIAM.

Latonya Arnold appeals the 110-month prison sentence imposed by the district court[1] upon her guilty plea to possession with intent to distribute cocaine base in violation of 21 U.S.C. § 841(a)(1). Arnold concedes that her prison sentence is within the applicable advisory Guidelines range of 110 to 137 months, but she argues that the sentence--reflecting the categorical enhancement for offenses involving cocaine base-- is unreasonable under 18 U.S.C. § 3553(a), because (1) the district court failed to address her argument that the sentence overstated the seriousness of her particular

_____

[1]The Honorable Rodney W. Sippel, United States District Judge for the Eastern District of Missouri.

offense, and (2) under the particular facts of her case, the sentence overstates the seriousness of her crime, given that she was a "mere courier."

When, as here, there is no dispute about the applicable advisory Guidelines range, we consider whether the sentence imposed is unreasonable in light of the section 3553(a) factors, see United States v. Booker, 543 U.S. 220, 261-62 (2005), and essentially review the district court's decision for an abuse of discretion, see United States v. Mathis, 451 F.3d 939, 941 (8th Cir. 2006).

We conclude that there is no basis for finding the district court abused its discretion in its handling of Arnold's arguments, because the court properly and sufficiently considered the relevant factors under section 3553(a), including the seriousness of Arnold's offense, her extensive history of prior convictions, the need to protect the public from further crimes, and the need for deterrence. See 18 U.S.C. § 3553(a)(1), (2)(B) (factors include nature and circumstances of offense, history and characteristics of defendant, and need for sentence to reflect seriousness of offense and to afford adequate deterrence to criminal conduct); United States v. Long Soldier, 431 F.3d 1120, 1123 (8th Cir. 2005) (relevant inquiry is not whether district court quoted or cited § 3553(a), but whether court actually considered § 3553(a) factors and whether appellate court's review of those factors leads it to conclude that they support finding of reasonableness).

We further conclude that Arnold's 110-month prison sentence, at the low end of her advisory Guideline range, is not unreasonable. See United States v. Johnson, 474 F.3d 515, 522 (8th Cir. 2007) (sentence for possession of 6 grams cocaine base not unreasonable when court refused to consider disparity between penalties for distributing crack versus powder cocaine under the Guidelines; neither Booker nor § 3553(a) authorizes district courts to reject 100:1 quantity ratio mandated by Congress and reflected in Guidelines). Finally, we find no merit to Arnold's bare assertion that she was a "mere courier". Nothing in the record supports the assertion,

and she admitted that she possessed the drugs with the intent to distribute them for personal gain.

Accordingly, we affirm.

_____