# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 06-2540

_____

United States of America,          *

                            *

       Appellee,         *

                            *   Appeal from the United States

    v.                    *   District Court for the

                            *   Eastern District of Missouri.

Alejandro Garduno-Gonzalez,    *

                            *   [UNPUBLISHED]

       Appellant.       *

_____

Submitted: May 24, 2007
Filed: May 29, 2007

_____

Before WOLLMAN, MURPHY, and BYE, Circuit Judges.

_____

PER CURIAM.

     Alejandro Garduno-Gonzalez pleaded guilty to illegal reentry into the United States after deportation subsequent to an aggravated felony conviction, in violation of 8 U.S.C. § 1326. Having calculated a Guidelines imprisonment range of 46-57 months, the district court[1] sentenced him to 46 months. He appeals, contending his sentence is unreasonable. We disagree. See United States v. Booker, 543 U.S. 220, 261-62 (2005) (appellate court reviews sentence to determine whether it is

_____

[1]The Honorable Carol E. Jackson, Chief Judge, United States District Court for the Eastern District of Missouri.

unreasonable in light of 18 U.S.C. § 3553(a) factors); United States v. Mathis, 451 F.3d 939, 941 (8th Cir. 2006) (reasonableness review is akin to abuse-of-discretion review).

The record does not support Garduno-Gonzalez's argument that the district court either misapprehended the advisory nature of the Guidelines or applied an excessively stringent standard to his request for a non-Guidelines sentence. At sentencing, the court properly considered the applicable Guidelines range, the nature of the offense, the defendant's history and his proffered reasons for returning to the United States, as well as sentencing objectives, and determined that a sentence within the Guidelines range was reasonable under the circumstances. See United States v. Hawk Wing, 433 F.3d 622, 631 (8th Cir. 2006) (sentencing involves three-step process of calculating Guidelines range, determining if Guidelines departure is warranted, and considering § 3553(a) factors to decide whether to impose Guidelines sentence or non-Guidelines sentence). The Guidelines use of a prior felony conviction to increase both the offense level and the criminal history category was not impermissible double counting, see United States v. Dyck, 334 F.3d 736, 740 (8th Cir. 2003), and did not warrant special treatment in the court's section 3553(a) analysis. We also reject Garduno-Gonzalez's sentence-disparity argument. See United States v. Batchelder, 442 U.S. 114, 123-24 (1979) (government is free to exercise non-discriminatory prosecutorial discretion to select statute under which to charge defendant); United States v. Sebastian, 436 F.3d. 913, 916 (8th Cir. 2006) (recognizing both Congress's policymaking power and Attorney General's prosecutorial discretion, and stating it is within province of "policymaking branches of government to determine that certain disparities are warranted, and thus need not be avoided"). Accordingly, the judgment of the district court is affirmed.

_____