# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 06-3315

_____

United States of America,                *
                                    *

          Appellee,                *
                                    *   Appeal from the United States

      v.                     *   District Court for the
                                    *   District of Nebraska.

Priscilla Cordova,                *
                                    *   [UNPUBLISHED]

          Appellant.             *

_____

Submitted: February 5, 2008
Filed: February 8, 2008

_____

Before BYE, RILEY, and MELLOY, Circuit Judges.

_____

PER CURIAM.

Priscilla Cordova challenges the 30-month prison sentence the district court[1] imposed after revoking her supervised release. For reversal, Cordova argues that the district court abused its discretion by failing to consider the 18 U.S.C. § 3553(a) factors, including the Chapter 7 sentencing recommendations, and by giving too much weight to her original sentence. We affirm.

_____

[1]The Honorable Joseph F. Bataillon, Chief Judge, United States District Court for the District of Nebraska.

We conclude that Cordova's sentence, which is within the statutory maximum, is not unreasonable, and that the district court did not abuse its discretion. See 18 U.S.C. § 3583(e)(3) (authorizing up to 3 years imprisonment upon revocation of supervised release where original offense is Class B felony); United States v. Mathis, 451 F.3d 939, 941 (8th Cir. 2006) (review for reasonableness is akin to review for abuse of discretion); United States v. Tyson, 413 F.3d 824, 825 (8th Cir. 2005) (per curiam) (review of revocation sentences is for unreasonableness); United States v. Haack, 403 F.3d 997, 1003-04 (8th Cir. 2005) (listing circumstances in which abuse of discretion may occur).

Specifically, the updated presentence report with the advisory Guidelines range was before the court; the same district judge presided over Cordova's original and revocation sentencing hearings; the court was aware of Cordova's history and characteristics, including her pattern of relapsing on drugs when not supervised; and the court properly considered Cordova's original lenient sentence. See United States v. Larison, 432 F.3d 921, 923 (8th Cir. 2006) (district court need not mechanically list every § 3553(a) consideration when sentencing defendant upon revocation of supervised release); United States v. Cotton, 399 F.3d 913, 916 (8th Cir. 2005) (court properly considered that defendant received substantially reduced original sentence in imposing revocation sentence in excess of suggested Guidelines range); United States v. Franklin, 397 F.3d 604, 607 (8th Cir. 2005) (familiarity with defendant's history and characteristics is implied when same judge presided over original sentencing hearing and revocation hearing; district court's awareness of defendant's repeated violations of release condition supported inference that court was aware of relevant § 3553(a) factors).

Accordingly, we affirm.

_____