# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 07-2436

_____

United States of America,

        Appellee,

v.

William Perry Lacey,

        Appellant.

\*
\*
\*
\*  Appeal from the United States
\*  District Court for the
\*  Northern District of Iowa.
\*
\*  [UNPUBLISHED]
\*

_____

Submitted: July 6, 2009
Filed: July 8, 2009

_____

Before RILEY, SMITH, and BENTON, Circuit Judges.

_____

PER CURIAM.

William Lacey pleaded guilty to possession of child pornography, in violation of 18 U.S.C. § 2252A(a)(5)(B) and (b)(2), and the district court[1] sentenced him within the unobjected-to Guidelines range to 115 months in prison and 15 years of supervised release. On appeal, Lacey's counsel has filed a brief under Anders v. California, 386 U.S. 738 (1967), challenging the reasonableness of the sentence by arguing that a sentence at the bottom of the Guidelines range would have been fully sufficient punishment.

---

[1]The Honorable Linda R. Reade, Chief Judge, United States District Court for the Northern District of Iowa.

When the applicable Guidelines range is undisputed, as it is here, we consider whether the sentence is unreasonable in light of the 18 U.S.C. § 3553(a) factors. See United States v. Booker, 543 U.S. 220, 261-62 (2005); United States v. Mathis, 451 F.3d 939, 941 (8th Cir. 2006) (review for reasonableness is akin to review for abuse of discretion). The sentencing court noted Lacey's criminal past and his likelihood of recidivism, and stated it had considered all of the other statutory factors. We see nothing in the record to suggest that Lacey's sentence at the top of the advisory Guidelines range was unreasonable, or that the district court failed to consider a relevant factor that should have received significant weight, gave significant weight to an improper or irrelevant factor, or committed a clear error of judgment in weighing appropriate factors. See Rita v. United States, 127 S. Ct. 2456, 2462-68 (2007) (approving appellate presumption of reasonableness for sentences within advisory Guidelines range); United States v. Robinson, 516 F.3d 716, 717 (8th Cir. 2008) (sentence within advisory Guidelines range is presumptively reasonable); United States v. Haack, 403 F.3d 997, 1003-04 (8th Cir. 2005) (circumstances indicating abuse of discretion).

In a pro se supplemental brief, Lacey challenges a special supervised-release condition banning him from gambling or entering any casino upon being released. While this condition may have been overbroad or unrelated to Lacey's circumstances, we find its imposition did not amount to plain error requiring reversal. See 18 U.S.C. § 3583(d)(1)-(3) (court may order appropriate special condition of release so long as it is reasonably related to factors set forth in § 3553, it involves no greater deprivation of liberty than necessary, and it is consistent with policy statements of the Sentencing Commission); United States v. Silvious, 512 F.3d 364, 371 (7th Cir. 2008) (recognizing as overbroad and arbitrary certain special conditions of supervised release, including ban on gambling where there was no evidence that defendant had gambling problem, but finding no plain error because there was no showing that conditions affected defendant's substantial rights, and conditions were readily modifiable at defendant's request). To the extent Lacey wishes to challenge his

counsel's performance, he must do so in a 28 U.S.C. § 2255 proceeding where the record can be developed. <u>See</u> <u>United States v. McAdory</u>, 501 F.3d 868, 872-73 (8th Cir. 2007) (appellate court ordinarily defers ineffective-assistance claims to § 2255 proceedings). We deem Lacey's remaining contentions to be speculative or irrelevant, or to raise no more than harmless error. <u>See</u> Fed. R. Crim. P. 52(a) (any error, defect, or irregularity that does not affect substantial rights must be disregarded).

We have conducted an independent review under <u>Penson v. Ohio</u>, 488 U.S. 75, 80 (1988), and we have found no nonfrivolous issues. Accordingly, the judgment is affirmed, and counsel's motion to withdraw is granted.

_____