# United States Court of Appeals
### For the Eighth Circuit

_____

No. 19-3315
_____

United States of America

*Plaintiff - Appellee*

v.

Jackson Abed Rodriguez-Robles

*Defendant - Appellant*
_____

Appeal from United States District Court
for the Western District of Arkansas - Fayetteville
_____

Submitted: April 17, 2020
Filed: July 24, 2020
[Unpublished]
_____

Before SMITH, Chief Judge, BENTON and KOBES, Circuit Judges.
_____

PER CURIAM.

Jackson Rodriguez-Robles ("Rodriguez") pleaded guilty to felony possession of a firearm. *See* 18 U.S.C. §§ 922(g)(1), 924(a)(2). Rodriguez kidnapped, beat, and

terrorized his pregnant girlfriend with a gun for three days. The district court[1] varied upward 15 months and sentenced Rodriguez to 120 months' imprisonment—the statutory maximum. We affirm.

## I. *Background*

On December 10, 2018, police learned that Rodriguez had kidnapped his girlfriend. A confidential informant (CI) told police that Rodriguez held the woman in an apartment, had been beating her since the prior night, and was armed with a firearm and bulletproof vest. Officers forced entry, and Rodriguez attempted to flee by leaping from a second-floor window. He was quickly apprehended.

The officers described the victim as having blackened eyes, swollen lips, and abdominal bruising. The victim stated that she traveled to Northwest Arkansas on December 7 because she was pregnant with Rodriguez's child. Rodriguez, believing the victim had cheated on him, took her to the apartment and physically abused her. The victim told the officers that Rodriguez drugged her to dull the pain and attempted to abort the pregnancy; that he beat her with his fists, a pistol, a knife sharpener, and a beer bottle; and that he forced her to perform oral sex. They traveled to a different address on December 8. There, Rodriguez fired a gun at her. Worried the gunshot would draw police attention, Rodriguez took the victim back to the apartment.

Within the apartment, officers discovered a gun, a bulletproof vest, drugs, drug paraphernalia, Endocet pills, a cell phone, and $595. Rodriguez admitted that he owned the gun. Four videos on the phone showed him terrorizing the victim. In one, the sound of someone working the action of the gun was audible. In another, while gunshots were fired, Rodriguez told the victim he would kill her. Officers also found paper towels and rags coated with dried blood.

---

[1]The Honorable Timothy L. Brooks, United States District Judge for the Western District of Arkansas.

Rodriguez pleaded guilty to being a felon in possession of a firearm. The government prepared a presentence investigation report (PSR). Neither party objected to its factual allegations. Rodriguez's recommended Guidelines range was 84 to 105 months' imprisonment.

At sentencing, the government requested the district court vary upward to the statutory maximum of 120 months' imprisonment. In its decision, the court first considered aggravating factors. It pointed to the circumstances of the offense and noted the case involved a stolen gun, which "was used as [an] instrumentality of brutality." Sent. Tr. at 47, *United States v. Rodriguez-Robles*, No. 5:19-cr-50026-TLB-1 (W.D. Ark. Nov. 1, 2019), ECF No. 41. The court also recounted the facts contained in the victim's statements. The court found her narrative especially credible given its (1) timing—the victim did not have time to make up a story because she did not know aid was coming—and (2) consistency with the physical evidence. The court discussed Rodriguez's criminal history and noted how quickly Rodriguez acquired the gun after his release from prison. It also weighed his use of violence during a previous burglary. Additionally, Rodriguez had already served other substantial sentences yet failed to improve his conduct. The court found those facts demonstrated a lack of respect for the law.

As for mitigating factors, the court considered that Rodriguez likely had a rough childhood. It also weighed Rodriguez's alleged addiction issues. It commended Rodriguez on his remorsefulness and honesty with the court. And it noted that some of Rodriguez's criminal history occurred more than a decade before sentencing. Nonetheless, after considering all of the 18 U.S.C. § 3553(a) factors, the court varied upward and sentenced Rodriguez to 120 months' imprisonment.

II. *Discussion*

Rodriguez argues that his sentence is substantively unreasonable. We review the substantive reasonableness of a sentence "under a deferential abuse of discretion

standard." *United States v. Pepper*, 518 F.3d 949, 951 (8th Cir. 2008). Rodriguez "bears the burden of proving that his sentence is unreasonable." *United States v. Luleff*, 574 F.3d 566, 569 (8th Cir. 2009). "A sentencing court abuses its discretion if it fails to consider a relevant factor that should have received significant weight, gives significant weight to an improper or irrelevant factor, or considers only the appropriate factors but commits a clear error of judgment in weighing those factors." *United States v. Cook*, 698 F.3d 667, 670 (8th Cir. 2012) (internal quotation omitted). Upon review, "we . . . take into account the totality of the circumstances, including the extent of any variance from the Guidelines range." *United States v. Feemster*, 572 F.3d 455, 461 (8th Cir. 2009) (en banc) (internal quotation omitted). "[W]e are not permitted to apply a presumption of unreasonableness if the sentence is outside the Guidelines range. Instead, we . . . must give due deference to the district court's decision that the § 3553(a) factors, on a whole, justify the extent of the variance." *Id.* at 461–62 (cleaned up).

Rodriguez argues that the district court abused its discretion by varying upward to the statutory maximum. First, he argues that the court placed too much weight on the circumstances of the offense because (1) the PSR described those circumstances via statements, *see, e.g.*, PSR at 5, ¶ 21, *United States v. Rodriguez-Robles*, No. 5:19-cr-50026-TLB-1 (W.D. Ark. Aug. 28, 2019), ECF No. 26 (indicating that the victim "*said* Rodriguez had beaten her with his fists and with a pistol" (emphasis added)), and (2) those circumstances served as the basis for pending state charges.[2] Second,

---

[2]Importantly, Rodriguez does not argue that the district court *procedurally erred* in relying on the facts contained in the PSR. *See United States v. Cottrell*, 853 F.3d 459, 462–63 (8th Cir. 2017). Instead, he claims that circumstances described as statements should not be given substantial weight or assumed true. But to call a PSR's facts into question, we require a party to specifically and clearly object to them. *United States v. Razo-Guerra*, 534 F.3d 970, 976 (8th Cir. 2008). That standard applies even when the facts are described through statements. *See Pepper*, 747 F.3d at 524 (finding that the district court did not err in relying on facts in a PSR that were mostly in the form of statements because the defendant did not specifically and

-4-

Rodriguez argues that his criminal history is overstated because many of the offenses occurred when he was young.

Rodriguez's arguments fail. "We afford the court wide latitude to weigh the § 3553(a) factors in each case and assign some factors greater weight than others in determining an appropriate sentence." *United States v. White*, 816 F.3d 976, 988 (8th Cir. 2016) (internal quotation omitted). As Rodriguez admits, the court considered the § 3553(a) factors. *See* Appellant's Br. at 17. That the circumstances are described in the PSR via statements does not alter their relevance or weight, especially given that Rodriguez did not clearly object to their veracity. *See Pepper*, 747 F.3d at 524. Further, regardless of their use in other pending matters, those circumstances are relevant because they describe Rodriguez's use of his illegally-possessed gun. *See United States v. Porter*, 439 F.3d 845, 849 (8th Cir. 2006) ("The factual predicate for the district court's consideration of the pending [state] charges is not at issue. [The defendant] did not object to the PSR's statement of the facts underlying the state charges and they are deemed admitted."); *see also United States v. Barrett*, 552 F.3d 724, 725 (8th Cir. 2009) (describing the defendant's use of his illegally-possessed firearm). "[G]iven the facts of this case," the district court permissibly exercised its discretion. *United States v. Thorne*, 896 F.3d 861, 866 (8th Cir. 2018) (per curiam).

With respect to Rodriguez's criminal history, the district court took the passage of time and the nature of the offenses into account. Even so, the district court found that Rodriguez's criminal history justified an upward variance. The district court's variance is similar to one we upheld in *Barrett*, 552 F.3d at 726–27. There, the defendant stole a vehicle and brandished, struck a friend with, and fired a gun. *Id.* at 725. He pleaded guilty to the related charges, and the district court properly calculated the Guidelines range as 84 to 105 months' imprisonment. *Id.* at 726–27.

clearly object to their veracity). Rodriguez's arguments at sentencing did not satisfy this standard. *See id.*

"[T]he court varied upward and imposed a sentence of 120 months." *Id.* at 726. That decision was based "on [the defendant's] past history of assault against multiple victims, his admitted drug use of a variety of street drugs, . . . and his likelihood of committing yet another violent offense." *Id.* at 727.

Similar to *Barrett*, the district court here varied upward 15 months because of the circumstances of the offense and Rodriguez's criminal history. Ample evidence supported that decision. As for the circumstances, the court found it very worrisome that the gun Rodriguez illegally possessed "was the instrumentality of the terror that was perpetrated on [the victim]." Sent. Tr. at 50. The record supports that concern: the victim stated that Rodriguez beat her with the gun, and videos indicate that he fired the gun while threatening her. As for Rodriguez's criminal history, Rodriguez had served multiple extended prison terms and still continued to commit violent offenses. *See Barrett*, 552 F.3d at 727 (varying upward because of the defendant's violent history and the likelihood of future violent conduct). The court noted how quickly Rodriguez acquired a gun after his release and his willingness to use the gun on the victim. These facts underscored his criminal history and indicated that he was a threat to the public. They also support the court's finding that Rodriguez lacked respect for the law. "Giving the district court due deference, we do not find [Rodriguez's] sentence unreasonable." *Id.*

## III. *Conclusion*

For the foregoing reasons, we affirm the district court.

_____