# United States Court of Appeals
## For the Eighth Circuit

_____

No. 24-1697
_____

United States of America

*Plaintiff - Appellee*

v.

Lyle White

*Defendant - Appellant*
_____

Appeal from United States District Court
for the Western District of Arkansas - Fayetteville
_____

Submitted: August 20, 2024
Filed: November 4, 2024
[Unpublished]
_____

Before GRUENDER, SHEPHERD, and ERICKSON, Circuit Judges.
_____

PER CURIAM.

Lyle White appeals after he pleaded guilty to a drug offense and was sentenced by the district court.[1]  His counsel has moved for leave to withdraw, and has filed a

_____

[1]The Honorable Timothy L. Brooks, United States District Judge for the Western District of Arkansas.

brief under *Anders v. California*, 386 U.S. 738 (1967), discussing whether White's plea was voluntary, whether the district court erred in determining his sentence, and whether he received ineffective assistance of counsel. White has also filed a pro se brief in which he contends he received ineffective assistance of counsel and requests appointment of new counsel on appeal.

Initially, we decline to consider the ineffective-assistance arguments in this direct appeal. *See United States v. Ramirez-Hernandez*, 449 F.3d 824, 826-27 (8th Cir. 2006) (stating that ineffective-assistance claims are usually best raised in collateral proceedings where the record can be properly developed). To the extent that White challenges his guilty plea, we conclude his testimony at the plea hearing establishes that his plea was knowing and voluntary. *See Nguyen v. United States*, 114 F.3d 699, 703 (8th Cir. 1997) (explaining that the defendant's statements made during the plea hearing carry a strong presumption of verity). The district court did not err in imposing an enhancement for possession of a dangerous weapon, or in calculating the applicable Guidelines range. *See United States v. Moore*, 565 F.3d 435, 437 (8th Cir. 2009) (stating that an unobjected-to procedural sentencing error is reviewed under plain error standard); *United States v. Guel*, 184 F.3d 918, 923 (8th Cir. 1999) (holding that brass knuckles are dangerous weapons); *United States v. Porter*, 439 F.3d 845, 849 (8th Cir. 2006) (stating that unobjected-to facts in the presentence report are deemed admitted). The district court also did not impose a substantively unreasonable sentence. *See United States v. Feemster*, 572 F.3d 455, 461-62 (8th Cir. 2009) (en banc) (standard of review). Further, we conclude that there is no need for appointment of new counsel.

We have independently reviewed the record under *Penson v. Ohio*, 488 U.S. 75 (1988), and have found no non-frivolous issues for appeal. Accordingly, we affirm the judgment, and we grant counsel leave to withdraw.

_____