930 F.2d 23
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Efosa Lyon AIMUFUA, a/k/a Philip Hoffman, Defendant-Appellant.
 No. 90-5821.
 United States Court of Appeals, Fourth Circuit.
 Submitted March 14, 1991.
Decided April 9, 1991.
 
 Appeal from the United States District Court for the District of South Carolina, at Anderson. Joe F. Anderson, Jr., District Judge. (CR-89-413)
 Allen B. Burnside, Assistant Federal Public Defender, Columbia, S.C., for appellant.
 David Calhoun Stephens, Assistant United States Attorney, Greenville, S.C., for appellee.
 D.S.C.
 AFFIRMED.
 Before WIDENER, PHILLIPS and CHAPMAN, Circuit Judges.
 PER CURIAM:
 
 
 1
 Efosa Lyon Aimufua pled guilty to two counts of bank fraud in violation of 18 U.S.C. Sec. 1344, and received a sentence of fourteen months on each count, to run concurrently, and both to be consecutive to a federal sentence previously imposed in the Northern District of Georgia for making false statements to immigration authorities. The district court rejected Aimufua's request to have the sentence run concurrently with his prior sentence.
 
 
 2
 Aimufua now appeals the sentence he received. His attorney has filed a brief in accordance with Anders v. California, 386 U.S. 738 (1967), indicating that, in his view, there are no meritorious issues for appeal. Aimufua has filed a supplemental pro se brief and the government has moved for summary affirmance.
 
 
 3
 In his supplemental brief, Aimufua appears to argue that he expected to be deported because of his earlier offense in the Northern District of Georgia, and so he attempted to provide for an uncertain future through bank fraud. He contends that a sentence concurrent with the prior sentence was required by 18 U.S.C. Sec. 3584(a), which provides in pertinent part that, "[T]erms may not run consecutively for an attempt and for another offense that was the sole objective of the attempt." However, the argument is without merit because Sec. 3584(a) addresses a situation where a defendant is charged both for an attempt and for a completed offense of the same kind; Aimufua's offenses were entirely separate.
 
 
 4
 In accordance with the requirements of Anders, supra, we have examined the entire record in this case and find no other meritorious issues for appeal. We accordingly affirm the judgment of the district court.
 
 
 5
 Pursuant to the plan adopted by the Fourth Circuit Judicial Council in implementation of the Criminal Justice Act of 1964 (18 U.S.C. Sec. 3006A), this Court requires that counsel inform his client, in writing, of his right to petition the Supreme Court for further review. If requested by his client to do so, counsel should prepare a timely petition for a writ of certiorari.
 
 
 6
 We dispense with oral argument because the facts and legal contentions are adequately presented in the record and briefs, and oral argument would not aid the decisional process.
 
 
 7
 AFFIRMED.