# United States Court of Appeals
## For the Eighth Circuit

_____

No. 14-2518

No. 14-2519

_____

United States of America

*Plaintiff - Appellee*

v.

Kerajia R. Williamson

*Defendant - Appellant*

_____

Appeals from United States District Court
for the Eastern District of Missouri - Cape Girardeau

_____

Submitted: January 12, 2015
Filed: April 6, 2015

_____

Before LOKEN, MURPHY, and MELLOY, Circuit Judges.

_____

LOKEN, Circuit Judge.

In December 2013, Kerajia Williamson pleaded guilty to participating in a counterfeiting conspiracy in violation of 18 U.S.C. §§ 513(a) and 371. In March 2014, she pleaded guilty to a different counterfeiting conspiracy violation, and to a mail

fraud violation of 18 U.S.C. § 1341. The district court[1] imposed consecutive 10-month sentences for each of the three offenses. Williamson appeals the 30-month sentence, arguing that the court committed procedural error in imposing consecutive sentences, and that the sentence is substantively unreasonable. We affirm.

Williamson's guilty plea agreement and presentence report (PSR) relate that, in the first conspiracy, she printed counterfeit checks purportedly drawn on the accounts of local businesses. Two associates cashed the checks at area stores using stolen Social Security numbers Williamson obtained from her aunt. Williamson followed directions from her cousin, Martez Williams, then incarcerated for counterfeiting checks. Williamson was arrested after a warrant search of her home in April 2013 and admitted her involvement. The second conspiracy was uncovered in August 2013, after Williams was released from prison. Williams manufactured the counterfeit checks that were cashed by others, including Williamson. On August 22, Williamson attempted to cash a counterfeit check at a food center the day after Williams cashed another counterfeit check at that store. Williamson committed the third offense, mail fraud, by submitting false reports to her insurer and to the police that her car had been stolen from her residence and wrecked in March 2013. In fact, Williamson had loaned the car to a friend, who wrecked it. The insurance company paid $8,432.83 on Williamson's fraudulent claim.

The two cases were consolidated for sentencing. In a pre-hearing Sentencing Memorandum, the government noted that Williamson "helped plan the initial scheme and engaged in multiple frauds." It urged the district court to impose "incremental punishment for each offense," namely, three consecutive 10-month prison sentences, comparable to the sentences imposed on other members of the conspiracy. At sentencing, the district court determined that Williamson's advisory guidelines

[1]The Honorable Stephen N. Limbaugh, Jr., United States District Judge for the Eastern District of Missouri.

sentencing range was 8 to 14 months in prison. Williamson requested a sentence of intermittent or home confinement, noting that she had obtained steady employment, returned to school, and was looking after her daughter, and that Williams had been the "impetus" for the two check fraud conspiracies. The government again urged a 30-month sentence. After hearing the parties, the district court stated to Williamson:

> You know, I agree with what your lawyer is saying, it looks like you turned the corner on most of this. But what is just inexplicable and what is a very aggravating circumstance . . . is that you got caught on one of these fraud schemes, and then . . . you went back and did it again. And not only did you do it again, you were one of the leaders in this fraud, forgery thing with Wal-Mart, and then again with the other [store]. So . . . I certainly agree with the government's position in this case. Had it not been for that, I would have given you much more lenient treatment.

The court sentenced Williamson, "pursuant to [18 U.S.C. §] 3553(a), and all the factors thereunder," to 10 months in prison on each count, to be served consecutively.

On appeal, Williamson argues the district court committed procedural sentencing error by "constructing consecutive sentences without explanation" and refusing to follow the consecutive sentencing instructions of U.S.S.G. § 5G1.2(c) of the advisory guidelines. We disagree. First, as we have repeatedly held, "the now-advisory Guidelines cannot mandate . . . concurrent sentencing. . . . [I]f multiple terms of imprisonment are imposed on a defendant at the same time . . . the district court, in determining whether the terms imposed are to . . . run concurrently or consecutively, shall consider the factors set forth in section 3553(a). . . . [Section] 5G1.2 does not . . . limit the district court's discretion to sentence consecutively when the total punishment is less than the statutory maximum." United States v. Richart, 662 F.3d 1037, 1050 (8th Cir. 2011) (quotations omitted); see United States v. Lone Fight, 625 F.3d 523, 525-26 (8th Cir. 2010); United States v. Jarvis, 606 F.3d 552, 554 (8th Cir. 2010); United States v. Rutherford, 599 F.3d 817, 821-22 (8th Cir. 2010).

Second, "[w]e will not sustain a procedural challenge to the district court's discussion of the 18 U.S.C. § 3553(a) sentencing factors by a defendant who did not object to the adequacy of the court's explanation at sentencing." United States v. Maxwell, 778 F.3d 719, 734 (8th Cir. 2015). Moreover, Williamson's contention that the district court imposed consecutive sentences "without explanation" is simply wrong. The court explicitly stated that it agreed with the government's position that incremental punishment for Williamson's three fraud offenses was warranted given her major role in the conspiracy offenses and the sentences imposed on other conspirators.[2] The court accurately described as an "aggravating circumstance" that Williamson had engaged in a new check counterfeiting conspiracy almost immediately after being arrested for her primary role in the first conspiracy. This explanation was more than sufficient to show that the district court adequately considered the § 3553(a) factors in imposing consecutive sentences. See United States v. Bryant, 606 F.3d 912, 920 (8th Cir. 2010).

Finally, Williamson challenges the substantive reasonableness of her sentence, arguing the district court gave inadequate consideration to mitigating factors -- her steady employment and return to school; a minor child who would suffer if Williamson was incarcerated; her minimal criminal history; and Martez Williams's substantial influence. The district court expressly acknowledged that Williamson had "turned the corner" but nonetheless determined that her quick return to fraud after being arrested and her central role in the counterfeiting conspiracies outweighed these mitigating factors. The district court did not abuse its substantial sentencing discretion by weighing aggravating factors more heavily than mitigating factors and concluding that an upward variance was warranted. See United States v. Gant, 721 F.3d 505, 512 (8th Cir. 2013).

---

[2]In a related sentencing context, the Guidelines identify "reasonable incremental punishment" as the objective in deciding whether to impose a concurrent or consecutive sentence. U.S.S.G. § 5G1.3, comment. (n.4(A)).

The judgment of the district court is affirmed.

_____