# United States Court of Appeals
## For the Eighth Circuit

_____

No. 14-1899

_____

United States of America

*Plaintiff - Appellee*

v.

Randy Beltramea

*Defendant - Appellant*

_____

Appeal from United States District Court
for the Northern District of Iowa - Cedar Rapids

_____

Submitted: February 12, 2015
Filed: May 6, 2015 (Corrected: May 7, 2015)

_____

Before BYE, BEAM, and BENTON, Circuit Judges.

_____

BEAM, Circuit Judge.

Randy Beltramea was sentenced to a total sentence of 111 months' imprisonment and 5 years' supervised release and ordered to forfeit various properties owned by Beltramea or by one of his legal entities. Beltramea appeals his sentence and the forfeiture order. We reverse the forfeiture order and otherwise affirm.

## I.    BACKGROUND

The government alleged that Beltramea engaged in a multi-faceted criminal scheme, in which he solicited investments from numerous individuals and represented that the money would be used to open a Subway restaurant franchise, when in fact Beltramea used the investment funds for his personal use and for a real estate development project called Castlerock Estates. Beltramea's criminal scheme also involved fraudulent representations to two banking institutions, and attempts to avoid paying taxes and complying with tax-related obligations. On October 24, 2013, Beltramea was charged with sixteen counts of financial, fraud and tax-related crimes in a second superseding indictment. On October 31, 2013, Beltramea pled guilty to eight of the sixteen counts, including: Counts 1 and 2, wire fraud, in violation of 18 U.S.C. § 1343; Count 3, aggravated identity theft in violation of 18 U.S.C. § 1028(A)(a)(1); Count 4, money laundering, in violation of 18 U.S.C. § 1957; Count 7, money laundering, in violation of 18 U.S.C. § 1956(a)(1)(A)(ii) and (a)(1)(B)(i); Counts 8 and 12, false statement to a financial institution, in violation of 18 U.S.C. §1014; and Count 16, tax evasion, in violation of 26 U.S.C. § 7201.

Beltramea's recommended United States Sentencing Guidelines (Guidelines or U.S.S.G.) sentencing range prior to the application of any departures was 63 to 78 months, based upon a total offense level of 26 and a criminal history category of I. The government urged an additional upward departure pursuant to U.S.S.G. § 4A1.3, for understated criminal history, and an upward departure pursuant to U.S.S.G. § 5K2.21, for dismissed and uncharged conduct. The district court found the government had proven the grounds for both upward departures, and accordingly increased Beltramea's criminal history to a category of II. As a result, Beltramea's adjusted Guidelines' range increased to 70 to 87 months, prior to adding the statutory mandatory 24 consecutive months for aggravated identity theft. At sentencing, the district court imposed 87 months on Counts 1, 2, 4, 7, 8, and 12, to be served concurrently, and 60 months on Count 16, also to be served concurrently. On Count

3, Beltramea was sentenced to 24 months, to be served consecutively, for a total term of imprisonment of 111 months, and 5 years supervised release. Additionally, the district court explained in detail at sentencing that, even if it erred in granting the upward departures, the court "would vary and impose the very same sentence . . . based on all the statutory factors under 18 U.S.C. 3553(a)."

In addition to the original sixteen counts Beltramea was charged with, the second superseding indictment also listed various properties owned by Beltramea–or by a legal entity established by Beltramea–for which the government was seeking forfeiture, pursuant to 18 U.S.C. § 981(a)(1)(C), 28 U.S.C. § 2461(c) and 18 U.S.C. § 982(a)(1). The properties identified as targeted for forfeiture included three rental properties, four parcels of property that comprised Castlerock Estates, $125,000 in proceeds from wire fraud, and $65,472.02 in proceeds from money laundering. Subsequently, on December 11, 2013, the government filed a motion for a preliminary order of forfeiture, listing the same property identified in the second superseding indictment, and the district court granted the motion. The judgment entered by the district ordered that Beltramea forfeit all the property listed in the preliminary forfeiture order. Beltramea appeals his sentence, and the district court's forfeiture order.

## II.    DISCUSSION

### A.    Upward Departure

We review a district court's sentencing decision to depart upward for abuse of discretion. United States v. Johnson, 648 F.3d 940, 942 (8th Cir. 2011).

Section 4A1.3(a)(1) of the Guidelines provides that a district court may apply an upward departure "[i]f reliable information indicates that the defendant's criminal history category substantially under-represents the seriousness of the defendant's

criminal history or the likelihood that the defendant will commit other crimes." The type of information a court may consider as the basis for an upward departure includes "[p]rior similar misconduct established by a civil adjudication or by a failure to comply with an administrative order." U.S.S.G. § 4A1.3(a)(2)(C). The government bears the burden of proving the application of an upward departure. United States v. Khang, 904 F.2d 1219, 1222 (8th Cir. 1990).

Here, in regard to the upward departure pursuant to U.S.S.G. § 4A1.3, the court credited the testimony of Brian Fagan, an attorney who represented a group of investors that filed suits against Beltramea in the early 2000s for alleged fraud and an investment scheme perpetrated by Beltramea. These investors obtained a default judgment against Beltramea for more than $184,000. As a result of this conduct, the National Association of Securities Dealers (NASD) barred Beltramea in 2004 and the Iowa Insurance Division revoked his license to sell securities in 2005.

Beltramea argues that Fagan's testimony was not sufficient evidence to establish that his criminal history was under-represented. He claims that U.S.S.G. § 4A1.3(a) *only* allows the court to consider the types of evidence listed in U.S.S.G. § 4A1.3(a)(2), such as "prior similar conduct established by a civil adjudication." Despite Beltramea's claims, the evidence listed in U.S.S.G. § 4A1.3(a)(2) is not an exhaustive list of what information the court can consider. We have held that while the court may consider the five factors set out in U.S.S.G. § 4A1.3(a)(2), "the court is not limited to considering only these factors." United States v. Outlaw, 720 F.3d 990, 992 (8th Cir. 2013); United States v. Porter, 439 F.3d 845, 849 (8th Cir. 2006) (same). In addition, "the court is free to consider, among other information, the substantial likelihood a defendant will commit future crimes." Porter, 439 F.3d at 849. Based on Fagan's testimony, the district court was within its discretion to find Beltramea "is at a high likelihood to recidivate based on his history and pattern of cheating people out of money, [and] knowingly making false statements to achieve his ends." Additionally, Beltramea argues that the claims asserted by Fagan's clients

included both fraud and non-fraud claims–such as negligence, and breach of duty–and that from the evidence in the record it is not possible to discern on which basis the NASD found in favor of Fagan's clients. However, Fagan's testimony clearly stated that at least $121,000 of the judgment against Beltramea was "based on the behavior, representations and fraudulent conduct of Mr. Beltramea." Accordingly, the district court did not abuse its discretion in departing upward for understated criminal history pursuant to U.S.S.G. § 4A1.3(a).[1]

## B. Forfeiture

Normally, in an appeal from a forfeiture proceeding, we review the district court's "factual findings for clear error but apply a de novo standard of review to [the issue] of whether or not those facts render the [asset] subject to forfeiture." United States v. Adetiloye, 716 F.3d 1030, 1041 (8th Cir. 2013) (alterations in original), cert. denied, 134 S. Ct. 1775 (2014). However, because Beltramea's trial counsel did not timely object to the forfeiture of the property, we limit our review to plain error. United States v. Marquez, 685 F.3d 501, 510 (5th Cir. 2012). Under plain error review, the defendant must show: "(1) error, (2) that is plain, and (3) that affects his substantial rights." Id. The defendant must also show the plain error "seriously affect[s] the fairness, integrity or public reputation of judicial proceedings." Id. (alteration in original).

Beltramea argues the district court plainly erred by failing to establish the required nexus between each item of property the government sought in the forfeiture

---

[1]As noted, the district court's upward departure under U.S.S.G. § 4A1.3(a) was not an abuse of discretion. Because of this, and the district court's detailed explanation as to how it would have varied upward pursuant to the § 3553(a) factors regardless of the § 4A1.3(a) upward departure, making any error harmless, United States v. Timberlake, 679 F.3d 1008, 1011 (8th Cir. 2012), we decline to review the propriety of the district court's upward departure pursuant to U.S.S.G. § 5K2.21.

order and Beltramea's criminal conduct. Additionally, Beltramea argues the district court plainly erred by improperly double and triple counting proceeds in the forfeiture.

In the second superseding indictment, the government sought forfeiture of various properties pursuant to 18 U.S.C. § 981(a)(1)(C), and 28 U.S.C. § 2461(c), with regard to the allegations in Counts 1 and 2; and 18 U.S.C. § 982(a)(1), with regard to the allegations in Counts 4, 5, 6, and 7. 18 U.S.C. § 981(a)(1)(C) provides that "[a]ny property, real or personal, [is subject to forfeiture] which constitutes or is derived from proceeds *traceable to a violation* of" various specified offenses, including violations of 18 U.S.C. § 1343, wire fraud, as charged against Beltramea in Counts 1 and 2. 18 U.S.C. § 981(a)(1)(C) (emphasis added). 18 U.S.C. § 982(a)(1) provides that "[t]he court, in imposing sentence on a person convicted of an offense in violation of section 1956, 1957, or 1960 of this title, shall order that the person forfeit to the United States any property, real or personal, *involved in such offense*, or any property *traceable to such property*." 18 U.S.C. § 982(a)(1) (emphasis added). Pursuant to Federal Rule of Criminal Procedure 32.2(b)(1)(A), "if the government seeks forfeiture of specific property, the court *must* determine whether the government has established the requisite nexus between the property and the offense." Fed. R. Crim. P. 32.3(b)(1)(A) (emphasis added). The government must prove the elements of forfeiture under 18 U.S.C. § 982(a)(1) by a preponderance of the evidence. United States v. Hasson, 333 F.3d 1264, 1277 (11th Cir. 2003). The preponderance of the evidence standard also applies to forfeitures under 28 U.S.C. § 2461(c). See 28 U.S.C. § 2461(c) (stating that the procedures set forth in 21 U.S.C. § 853 apply to criminal forfeiture proceedings under 28 U.S.C. § 2461(c)); United States v. Bieri, 21 F.3d 819, 822 (8th Cir. 1994) (holding criminal forfeiture proceedings under 21 U.S.C. § 853 were subject to a preponderance of evidence standard). However, in the instant case, it appears that there is no evidence in the record that the government met its burden to show a nexus between the property sought for forfeiture and an offense of conviction with respect to certain properties.

There are no facts in the record establishing a nexus between three of the properties the government sought for forfeiture– 944 18th Ave. SW, 201 26th St. NW and 449 24th St. NW (collectively the "Rental Properties")–and a criminal offense for which Beltramea was convicted. Likewise, the record regarding some of the Castlerock lots sought for forfeiture–26.33 acres of undeveloped land in Parcel B and 40.620 acres of undeveloped land in Parcel A (collectively "Undeveloped Lots")–appear lacking in facts establishing a nexus between the Undeveloped Lots and the offense of conviction. The government argues, in essence, that Beltramea waived his right to contest the forfeiture because his trial counsel's signature on the preliminary forfeiture order constituted Beltramea's consent to the forfeiture and agreement that the government had established the requisite nexus between the properties and his offenses. However, we do not believe a defendant's consent to forfeiture abrogates the requirement that a nexus exist between the property sought for forfeiture and the conviction of offense. The district court had an independent duty to ensure that the required nexus exists. Fed. R. Crim. P. 32.2(b)(1)(A)-(B); 21 U.S.C. § 853; see also Libretti v. United States, 516 U.S. 29, 42 (1995) (noting that § 853 "limits forfeiture by establishing a factual nexus requirement"). As the Court in Libretti explained,

> [w]e do not mean to suggest that a district court must simply accept a defendant's agreement to forfeit property, particularly when that agreement is not accompanied by a stipulation of facts supporting forfeiture, or when the trial judge for other reasons finds the agreement problematic. In this regard, we note that the Department of Justice . . . issued [a policy] . . . to instruct that, among the procedures necessary to ensure a valid forfeiture agreement,[2] "[t]he settlement to forfeit

---

[2]In Libretti, the defendant entered into a forfeiture agreement in conjunction with his plea agreement. 516 F.3d at 33-34. In the instant case, Beltramea did not enter into a forfeiture agreement per se, but the government asserts Beltramea agreed to the preliminary forfeiture order, later entered by the district court, and thus

property must be in writing and the defendant must concede facts supporting the forfeiture."

516 U.S. at 43 (sixth alteration in original). The government presented no factual allegations connecting the Rental Properties and the Undeveloped Lots to any offense for which Beltramea was convicted; accordingly, the district court plainly erred. The forfeiture of Beltramea's property without a proper basis in law and fact violates his substantial rights, United States v. Sum of $185,336.07 U.S. Currency Seized, 731 F.3d 189, 197 (2d Cir. 2013), and affects the integrity of judicial proceedings, thus affording us discretion to order remedy of the error. Marquez, 685 F.3d at 510.

## III.   CONCLUSION

We affirm Beltramea's sentence, but vacate and remand the forfeiture order for proceedings consistent with this opinion.

———————————————————

necessarily consented to the forfeiture and its factual nexus. For the purposes of determining whether the required nexus existed, we believe this is a distinction without a difference.