# United States Court of Appeals
## For the Eighth Circuit

———————————————

No. 14-3719

———————————————

United States of America

*Plaintiff - Appellee*

v.

Randolph Seth Anderson

*Defendant - Appellant*

——————————

Appeal from United States District Court
for the District of Minnesota - St. Paul

——————————

Submitted: June 8, 2015
Filed: August 25, 2015
[Unpublished]

——————————

Before LOKEN, BYE, and KELLY, Circuit Judges.

——————————

PER CURIAM.

Randolph Seth Anderson was arrested after leading Minneapolis police officers on a 1.5-mile chase driving a stolen van. Police found a stolen handgun, drug paraphernalia, methamphetamine, and burglary tools in the van. Anderson pleaded guilty to one count of being an armed career criminal in possession of a firearm in violation of 18 U.S.C. §§ 922(g) and 924(e). With a total offense level of 31 and a

category VI criminal history, his advisory guidelines sentencing range was 188 to 235 months in prison and two to five years of supervised release. By statute, the mandatory minimum prison term was fifteen years, and the court could impose up to five years of supervised release. See 18 U.S.C. §§ 924(e), 3583(b)(1). The district court[1] varied downward and sentenced Anderson to the mandatory minimum 180 months in prison -- as he requested -- followed by five years of supervised release. On appeal, Anderson challenges the term of supervised release, contending that the district court failed to consider the required statutory sentencing factors in imposing it, and that the term is substantively unreasonable because it is excessive and unnecessary to accomplish sentencing goals. He did not raise either objection to the district court. We affirm.

In determining the particular prison sentence to impose on a defendant, the district court "shall consider" the sentencing factors set forth in 18 U.S.C. § 3553(a). Likewise, in determining whether to impose a term of supervised release, the length of the term, and any special conditions, the court "shall consider" the § 3553(a) factors enumerated in 18 U.S.C. § 3583(c). Here, the district court expressly considered the § 3553(a) factors in determining to impose a mandatory minimum sentence of fifteen years in prison. As in United States v. Zoran, 682 F.3d 1060, 1064-65 (8th Cir. 2012), the court then imposed the maximum term of supervised release. "[W]e will not sustain a procedural challenge to the district court's discussion of the 18 U.S.C. § 3553(a) sentencing factors by a defendant who did not object to the adequacy of the court's explanation at sentencing." United States v. Williamson, 782 F.3d 397, 399 (8th Cir. 2015).

Anderson argues it was substantively unreasonable plain error to impose the maximum term of supervised release after varying downward to the statutory

---

[1]The Honorable Richard H. Kyle, United States District Judge, District of Minnesota.

minimum prison term. But the comparison is faulty. The district court noted that the 180-month mandatory minimum prison term is "a tough sentence," "a long sentence." In arguing for the downward variance, defense counsel posited that Anderson's extensive criminal history – over twenty felony convictions for theft, firearm, and drug offenses – was "mostly to fuel his drug addiction." The district court responded by recommending that the Bureau of Prisons place Anderson in its 500-hour Drug Abuse Program while in prison and ordered him to participate in drug testing and a substance abuse program while he is on supervised release. Cf. United States v. Moore, 565 F.3d 435, 437 (8th Cir. 2009). The district court acted well within its discretion in imposing a substantial term of supervised release in light of Anderson's criminal history and long-term substance abuse. See Zoran, 682 F.3d at 1064-65; United States v. Miller, 484 F.3d 968, 971-72 (8th Cir. 2007).

The judgment of the district court is affirmed.

_____