# United States Court of Appeals
## For the Eighth Circuit

———————————————

No. 14-3524

———————————————

United States of America

*Plaintiff - Appellee*

v.

Esteban Chavez-Cruz

*Defendant - Appellant*

——————————

Appeal from United States District Court
for the District of South Dakota - Sioux Falls

——————————

Submitted: June 8, 2015
Filed: August 28, 2015
[Unpublished]

——————————

Before LOKEN, BYE, and KELLY, Circuit Judges.

——————————

PER CURIAM.

A jury convicted Esteban Chavez-Cruz of conspiring to distribute 500 grams or more of methamphetamine in violation of 21 U.S.C. §§ 841(a)(1) and 846. The district court[1] sentenced him to 262 months in prison, the bottom of his advisory

———————————————

[1]The Honorable Karen E. Schreier, United States District Judge for the District of South Dakota.

guidelines range. On appeal, Chavez-Cruz raises two evidentiary issues he forfeited in the district court, and argues that his sentence is unreasonable. We affirm.

## I. Evidentiary Issues

**A.** Prior to trial, during voir dire, defense counsel advised the prospective jurors that Chavez-Cruz was a lawful, permanent non-citizen of Mexican descent. At trial, government witness Michael Roemeling testified that he purchased up to three ounces of methamphetamine from Chavez-Cruz once or twice per week in the summer of 2013. On cross-examination, attacking Roemeling's credibility, defense counsel asked about his continued drug dealing after his release from jail. Roemeling explained that he continued selling drugs to determine who was responsible for a beating that had left him with a broken leg. Defense counsel asked if investigating the beating justified criminal drug dealing. Roemeling replied, without objection:

> I'm not saying it justified it . . . . I just was very scared to call the police because if anyone knows anything about Spanish people it's don't call the cops on them. And I didn't -- if they were responsible for my leg being broke, I didn't want it to be worse next time. . . . I was beaten from head to toe. My leg was broken and they stole my cell phones.

On appeal, Chavez-Cruz argues that Roemeling's response denied him a fair trial because it invited the jury to convict him on the basis of a prejudicial racial stereotype -- that "Mexican aliens [are] drug distributors and violent." This contention is without merit. Chavez-Cruz primarily relies on our decision in United States v. Vue, 13 F.3d 1206 (8th Cir. 1994). But witness Roemeling's spontaneous response to defense counsel's question bears no resemblance to the government's extensive evidence in Vue, which "clearly invited the jury to put [defendants'] racial and cultural background into the balance in determining their guilt." Id. at 1213. The

district court's instructions told the jury to ignore "the defendant's race, color, [and] national origin" in reaching its verdict. Had there been a timely objection to Roemeling's unexpected response, the court doubtless would have stricken it or told the jury to ignore it. There clearly was no plain error in not taking action *sua sponte*, that is, error that "seriously affects the fairness, integrity, or public reputation of judicial proceedings." United States v. Olano, 507 U.S. 725, 736 (1993).

**B.** The government's first witness, Sergeant Shawn Haken of the Jackson County, Minnesota, Sheriff's Department, described a warrant search of Chavez-Cruz's home in January 2014 during which a large amount of cash, firearms, and evidence of drug activity were found in an upstairs bedroom. On cross examination, defense counsel brought out that Chavez-Cruz's wife and six minor children lived in the home and were forced to use the oven and stove for heat during cold winter weather because the furnace was not working. Other witnesses were briefly questioned about the lack of heat, including Chavez-Cruz when he testified in his own defense. There was no objection to this testimony.

On appeal, Chavez-Cruz argues this testimony deprived him of a fair trial because it was irrelevant to the drug conspiracy charge and was elicited to convince the jury to convict him on the impermissible basis that he was an "evil man." Again, this forfeited contention is without merit. It would not have been proper for the district court to conclude, *sua sponte*, that the lack of heat in Chavez-Cruz's home was irrelevant because defense counsel initially brought out that fact and reinforced it when Chavez-Cruz testified in his own defense. As this testimony was developed, it was more likely part of a defense strategy to portray Chavez-Cruz as a poor, hard-working family man than a government strategy to portray him as evil. The brief testimony elicited by the government about the lack of a working furnace made no inflammatory mention of his wife or children; rather, it focused on the incongruity between his apparent poverty and the discovery of $47,000 hidden in the upstairs

bedroom and his ownership of a Cadillac Escalade SUV. The testimony was not unfairly prejudicial. There was no plain error.

## II. Sentencing Issues

The district court determined that Chavez-Cruz's advisory sentencing range was 262 to 327 months in prison and sentenced him to 262 months. On appeal, Chavez-Cruz argues his sentence "is unreasonable." He first asserts that the district court "did not specify any aggravating factors [and] did not consider any of the 3553(a) factors on the record." If this is intended to be a claim of procedural sentencing error, "[w]e will not sustain a procedural challenge to the district court's discussion of the 18 U.S.C. § 3553(a) sentencing factors by a defendant who did not object to the adequacy of the court's explanation at sentencing." United States v. Williamson, 782 F.3d 397, 399 (8th Cir. 2015) (quotation omitted). Moreover, no claim of procedural error was encompassed by his statement of the sentencing issue presented for our review, as Federal Rule of Appellate Procedure 28(a)(5) requires. See United States v. Mejia-Perez, 635 F.3d 351, 353-54 (8th Cir. 2011).

Chavez-Cruz further argues the district court abused its discretion and imposed a substantively unreasonable sentence because "a mandatory minimum sentence of 120 months would be more than sufficient in regard to the [sentencing] factors of punishment, deterrence and protection of the public." We review the substantive reasonableness of a sentence for abuse of the court's substantial sentencing discretion. Williamson, 782 F.3d at 400. After considering the Presentence Investigation Report and hearing counsel debate the appropriate sentence, the district court explained that the methamphetamine Chavez-Cruz possessed was "a huge amount . . . for what we see in this area." The court noted that Chavez-Cruz had placed his wife and children in grave danger from drug traffickers and observed that he had taken no responsibility for his involvement in "the steady, constant drug trade of methamphetamine." As we have repeatedly held, "[a] within-guidelines sentence is presumptively reasonable on

appeal." <u>United States v. Glassgow</u>, 682 F.3d 1107, 1111 (8th Cir.), <u>cert. denied</u>, 133 S. Ct. 631 (2012).  There was no abuse of discretion.

The judgment of the district court is affirmed.

_____