# United States Court of Appeals
## For the Eighth Circuit

———————————————

No. 14-3765

———————————————

United States of America

*Plaintiff - Appellee*

v.

Analicia Ruiz

*Defendant - Appellant*

——————————

Appeal from United States District Court
for the Southern District of Iowa - Des Moines

——————————

Submitted: December 14, 2015
Filed: April 12, 2016
[Unpublished]

——————————

Before WOLLMAN, LOKEN, and BYE, Circuit Judges.

——————————

PER CURIAM.

Analicia Ruiz pleaded guilty to conspiring to distribute methamphetamine in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(C), and 846. At sentencing, the district court[1] determined that her advisory guidelines sentencing range was 135 to 168

———————————————

[1]The Honorable James E. Gritzner, United States District Judge for the Southern District of Iowa.

months in prison; granted the government's motion for a substantial assistance sentence reduction, see U.S.S.G. § 5K1.1; denied Ruiz's request for an additional downward variance; and sentenced her to 114 months in prison. Ruiz appeals, arguing the court committed procedural error and imposed a substantively unreasonable sentence. We affirm.

Ruiz conspired with Dennis Guzman and Moises Josue Vasquez Sandoval to distribute methamphetamine. Guzman, the father of Ruiz's daughter and leader of the conspiracy, has not been located or charged. Ruiz's offense conduct included registering a vehicle and leasing two apartments that were used to transport and store drugs and drug proceeds. She also stored drugs at her sister's residence, personally sold methamphetamine, and was involved in the receipt of a twelve-pound shipment from a California source.

Ruiz and Vasquez were charged in the same indictment. Both pleaded guilty. At Vasquez's sentencing, the district court determined an advisory guidelines range of 135 to 168 months in prison, granted the government's motion for a substantial assistance reduction, and sentenced Vasquez to 74 months in prison.

At Ruiz's sentencing one month later, the district court found that she was accountable for a substantially greater quantity of actual methamphetamine than Vasquez but determined that her guidelines range, like Vasquez's, was 135 to 168 months in prison. The court granted a 15% substantial assistance reduction, as the government recommended. Counsel for Ruiz then urged the court to vary downward from the guidelines range based on her romantic involvement with Guzman, lack of criminal history, and good employment history. Counsel argued Ruiz should receive the same sentence as Vasquez, 74 months. The court declined to vary downward because of Ruiz's "fairly deep" involvement in a serious offense, the need to avoid unwarranted disparity "among defendants with similar records who have been found guilty of similar conduct," and the "very different" sentencing factors that Vasquez

had presented. The court sentence Ruiz to 114 months, 15% below the bottom of her advisory guidelines range.

On appeal, Ruiz argues the district court committed procedural error in applying the guidelines and imposed a substantively unreasonable sentence. She argues the district court procedurally erred by failing to explain why she and Vasquez received "such dissimilar sentences." This contention is without merit. "We will not sustain a procedural challenge to the district court's discussion of the 18 U.S.C. § 3553(a) sentencing factors by a defendant who did not object to the adequacy of the court's explanation at sentencing." United States v. Williamson, 782 F.3d 397, 399 (8th Cir. 2015) (alteration and quotation omitted). Moreover, as noted, the district court explained in some detail the sentencing factors that resulted in the denial of a discretionary downward variance.

Ruiz further argues that the prosecutor at sentencing made "impermissible" and "contradictory" arguments "not supported by the record." That would not constitute procedural error by the court, nor does the record support this contention. Ruiz also argues the district court granted a variance to Vasquez "because of his alien status," an impermissible factor. Even if true, this is not reason to reverse *Ruiz's* sentence; indeed, her position is that she should receive the *same* sentence as Vasquez. Moreover, nothing in the record supports the contention that Vasquez's alienage influenced the district court's sentence. Vasquez's attorney urged the court to impose a 30-month sentence because he will almost certainly be removed to Honduras, a dangerous country where Guzman apparently resides. The Guidelines expressly provide that a higher level of risk associated with cooperation is a proper factor to consider in determining a substantial assistance sentence reduction. See § 5K1.1(a)(4).

Ruiz argues that her sentence is substantively unreasonable because she was granted a smaller substantial assistance departure than Vasquez. This contention is

without merit. Absent an allegation that the district court was motivated by an unconstitutional motive, we may not review the extent of a § 5K1.1 downward departure. United States v. Billue, 576 F.3d 898, 905 (8th Cir.), cert. denied, 558 U.S. 1058 (2009). The district court concluded that Vasquez was not similarly situated for sentencing purposes. Though Ruiz disagrees, this is not a basis for concluding that her sentence is substantively unreasonable. See, e.g., United States v. Brunken, 581 F.3d 635, 638 (8th Cir. 2009), cert. denied, 562 U.S. 949 (2010). As we have repeatedly stated, "[w]here a district court has sentenced a defendant below the advisory guidelines range, it is nearly inconceivable that the court abused its discretion in not varying downward still further." United States v. Deering, 762 F.3d 783, 787 (8th Cir. 2014) (quotation omitted).

The judgment of the district court is affirmed.

_____