# United States Court of Appeals
### For the Eighth Circuit

_____

No. 16-4354

_____

United States of America

*Plaintiff - Appellee*

v.

Randy Beltramea

*Defendant - Appellant*

_____

Appeal from United States District Court
for the Northern District of Iowa - Cedar Rapids

_____

Submitted: September 21, 2017
Filed: November 16, 2017
[Unpublished]

_____

Before SMITH, Chief Judge, WOLLMAN and GRUENDER, Circuit Judges.

_____

PER CURIAM.

Randy Beltramea appeals his 24-month sentence, arguing that the district court[1]
procedurally erred by running that sentence consecutive to his previously imposed

---

[1]The Honorable Linda R. Reade, United States District Judge for the Northern
District of Iowa.

111-month sentence. He also asserts that the sentence is substantively unreasonable. We affirm.

## I. *Background*

In an earlier prosecution, Beltramea was charged with fraud and fraud-related charges arising from an investment "scheme, in which he solicited investments from numerous individuals and represented that the money would be used to open a Subway restaurant franchise, when in fact Beltramea used the investment funds for his personal use and for a real estate development project called Castlerock Estates." *United States v. Beltramea (Beltramea I)*, 785 F.3d 287, 288 (8th Cir. 2015). "[T]he second superseding indictment also listed various properties owned by Beltramea . . . for which the government was seeking forfeiture," including "four parcels of property that comprised Castlerock Estates." *Id*. at 288–89. Beltramea pleaded guilty to 8 of the 16 counts, and his advisory Guidelines range was 70 to 87 months' imprisonment. *Id*. at 288. The district court sentenced Beltramea to a total term of 111 months' imprisonment. *Id*.[2]

In imposing the 111-month sentence in the earlier case, the district court characterized Beltramea as an "unrepentant, flimflam artist" who used "his claims of being a Christian . . . to get money and lull some of [his] victims." Transcript of Sentencing Hearing at 154, *United States v. Beltramea*, No. 1:13-cr-00020-LRR-1 (N.D. Iowa Apr. 4, 2014), ECF No. 137. The court was "sickened" to learn how Beltramea took "meager Social Security [benefits]" from one victim who was "in extremely poor mental and physical health." *Id*. The court identified Beltramea's

---

[2]Specifically, the district court imposed 87 months' imprisonment on the fraud, money-laundering, and false-statement counts and 60 months' imprisonment for tax evasion, to be served concurrently. *Id*. The court also imposed a mandatory consecutive 24 months' imprisonment for aggravated identity theft. *Id*.

failure to "pay even one nickel toward restitution" and his violation of the court's order prohibiting him from contacting trial witnesses. *Id*. at 155. The court also mentioned that Beltramea attempted to sell a piece of the Castlerock Estates while the case was pending, "knowing the property was subject to forfeiture" and that Beltramea had "even used his elderly, infirm mother in his scheme" by opening an account in her name "to avoid the IRS." *Id*. at 156.[3]

The present case arose from Beltramea's actions regarding the Castlerock Estates after it had been identified as forfeitable in the earlier case and after the government recorded a lis pendens on it. Beltramea pleaded guilty to four counts of obstruction of justice. Those counts were based on actions that Beltramea took after August 28, 2013, when he received notice that an indictment filed in the first prosecution sought forfeiture of, among other things, the Castlerock Estates. Count 1 concerned Beltramea's acceptance of a $4,000 check as a down payment for Lot 4 of the Castlerock Estates. Count 2 related to Beltramea's selling of Lot 7 for $90,000. Count 3 arose from Beltramea's acceptance of a payment for Lot 9. And Count 4 concerned Beltramea's mortgaging of the entire development after his prior guilty plea and agreement with the government. This agreement allowed Beltramea (if certain conditions were satisfied) to use a real estate agent to sell Castlerock parcels

---

[3]On appeal, we affirmed Beltramea's 111-month sentence, but we vacated and remanded the district court's forfeiture order, finding that there were insufficient facts in the record establishing a nexus between Beltramea's criminal offense and some of the property sought to be forfeited. *Beltramea I*, 785 F.3d at 291. "Upon rehearing, the district court ordered forfeiture of the entirety of Beltramea's Castlerock property . . . ." *United States v. Beltramea (Beltramea II)*, 849 F.3d 753, 755 (8th Cir. 2017), *cert. denied*, No. 16-9432, 2017 WL 2444708 (U.S. Oct. 2, 2017). On appeal, "we h[e]ld that the evidence satisfie[d] the requisite nexus between Beltramea's money-laundering convictions and the entirety of the property at issue." *Id*.

so that maximum value could be obtained for the parcels and returned to Beltramea's fraud victims.

In his sentencing brief, Beltramea asked that the court impose "no additional sentence of imprisonment if the present and the prior cases are grouped." Defendant's Sentencing Brief at 5, *United States v. Beltramea*, No. 1:14-cr-00095-LRR (E.D. Mo. May 1, 2015), ECF No. 44-1; *see also* Presentence Investigation Report at 10, ¶ 36, *United States v. Beltramea*, No. 1:14-cr-00095-LRR-1 (E.D. Mo. Apr. 16, 2015), ECF No. 39. If the court did not group Beltramea's cases and did impose an additional term, Beltramea argued that the court should run at least a portion of the sentences concurrently because his initial "sentence was increased for transacting in real estate subject to forfeiture, the same conduct upon which his sentence will be based in the instant case. Based on these circumstances, it is reasonable to order his sentences to run partially concurrent." Defendant's Sentencing Brief at 17.

At sentencing, the court explained that "in making [its] decisions . . . , [it] went back and [] had to completely re-read all of the materials in the prior case," including "the presentence investigation report and the transcripts of all the proceedings." Continued Sentencing Hearing at 120, *United States v. Beltramea*, No. 1:14-cr-00095-LRR (E.D. Mo. Nov. 7, 2016), ECF No. 102. After calculating an advisory Guidelines range of 24 to 30 months' imprisonment and hearing the parties' arguments, the court imposed a 24-month sentence to run consecutive to Beltramea's prior sentence.

The court detailed the basis for this 24-month consecutive sentence. The court first noted that it had "carefully considered each and every factor under 18 United States Code Section 3553(a)." *Id*. at 127. It then discussed the "nature and circumstances of the offense," stating that Beltramea had "continued his fraudulent conduct, this time duping the United States government who was trying to help him

-4-

realize as much for these lots as he possibly could, which would help the victims and would also reduce the amount of restitution owing." *Id*. The court also mentioned Beltramea's work and family history, as well as his potential health issues. The court specifically noted other § 3553(a) factors, including the need for the sentence to reflect the seriousness of the offense, promote respect for the law, be a just punishment, serve as a deterrent, protect the public, and provide the defendant with treatment and training. The court made clear that it had considered the parties' arguments and weighed all factors. Having done this, the court found "no basis whatsoever to go below the advisory guideline[s] range." *Id*. at 129.

The court then summarized its impression of Beltramea, repeating its characterization from the prior case that Beltramea was "an unrepentant flimflam artist." *Id*. The court found it a "[c]lose call on acceptance of responsibility" because Beltramea not only defrauded the victims in the prior case but in the present case "duped . . . the US Attorney's Office, who in good faith were trying to help him and help the victims at the same time." *Id*. at 129–30. The court characterized Beltramea as "totally untrustworthy and at [an] extremely high risk to recidivate." *Id*. at 130. The court's "impression" was that if Beltramea were to "ever get out of prison and start up again, . . . he would do the same thing." *Id*. The court found "that the sentence that is sufficient but not greater than necessary to achieve the goals of sentencing is a 24-month sentence, served consecutively to the sentence . . . imposed in [the prior case]." *Id*.

## II. *Discussion*

On appeal, Beltramea argues that the district court procedurally erred by running his 24-month sentence consecutive to his previously imposed 111-month sentence. He also asserts that the sentence is substantively unreasonable.

-5-

"We review a district court's sentence for abuse of discretion." *United States v. Bryant*, 606 F.3d 912, 918 (8th Cir. 2010). First, we "review a sentence for significant procedural error." *Id*. Second, "if necessary, [we review it] for substantive reasonableness." *Id*.

## A. *Procedural Error*

A district court commits significant procedural error by "failing to calculate (or improperly calculating) the Guidelines range, treating the Guidelines as mandatory, failing to consider the § 3553(a) factors, selecting a sentence based on clearly erroneous facts, or failing to adequately explain the chosen sentence—including an explanation for any deviation from the Guidelines range." *Id*. (quoting *Gall v. United States*, 552 U.S. 38, 51 (2007)).

"We review a district court's decision to impose a consecutive or concurrent sentence for reasonableness." *Id*. at 920 (quoting *United States v. McDonald*, 521 F.3d 975, 980 (8th Cir. 2008)). This standard "is 'akin' to the 'abuse-of-discretion' standard." *Id*. (quoting *United States v. Mathis*, 451 F.3d 939, 941 (8th Cir. 2006)).

"[I]n determining whether the terms imposed are to be ordered to run concurrently or consecutively," a district court must "consider, as to each offense for which a term of imprisonment is being imposed, the factors set forth in section 3553(a)." 18 U.S.C. § 3584(b). Similarly, the Guidelines provide that "[i]n any other case involving an undischarged term of imprisonment, the sentence for the instant offense may be imposed to run concurrently, partially concurrently, or consecutively to the prior undischarged term of imprisonment to achieve a reasonable punishment for the instant offense." U.S.S.G. § 5G1.3(d) (Policy Statement). The application note to that section provides that, in deciding whether to impose a concurrent or consecutive sentence, a district court "should consider the following":

-6-

(i) The factors set forth in 18 U.S.C. § 3584 (referencing 18 U.S.C. § 3553(a));

(ii) The type (e.g., determinate, indeterminate/parolable) and length of the prior undischarged sentence;

(iii) The time served on the undischarged sentence and the time likely to be served before release;

(iv) The fact that the prior undischarged sentence may have been imposed in state court rather than federal court, or at a different time before the same or different federal court; and

(v) Any other circumstance relevant to the determination of an appropriate sentence for the instant offense.

U.S.S.G. § 5G1.3 cmt. n.4(A).

No requirement exists "that a district court provide a separate statement of reasons" for why it imposed a consecutive instead of a concurrent sentence. *Bryant*, 606 F.3d at 920. Thus, "unless it is a 'doubtful case,' a sentencing court need not specifically explain its reasoning in the imposition of a consecutive sentence." *Id.* (quoting *United States v. Lincoln*, 956 F.2d 1465, 1474 n.9 (8th Cir. 1992)). Moreover, "[w]e will not sustain a procedural challenge to the district court's discussion of the 18 U.S.C. § 3553(a) sentencing factors [in imposing a consecutive sentence] by a defendant who did not object to the adequacy of the court's explanation at sentencing." *United States v. Williamson*, 782 F.3d 397, 399 (8th Cir. 2015) (first alteration in original) (quoting *United States v. Maxwell*, 778 F.3d 719, 734 (8th Cir. 2015)).

Here, Beltramea argues that the district court procedurally erred by running his 24-month sentence consecutive to his previously imposed 111-month sentence.

Specifically, Beltramea argues that the district court failed to explain why it was running the prior and present sentences consecutively; as a result, no basis exists upon which to conclude that the district court considered the § 3553(a) factors. Beltramea maintains that the district court procedurally erred in its application of U.S.S.G. § 5G1.3(d).

Beltramea is wrong. The district court expressly stated that it had "carefully considered each and every factor under 18 United States Code Section 3553(a)." Continued Sentencing Hearing at 127. The court then proceeded to discuss those factors, focusing specifically on the nature and circumstances of the offense and Beltramea's personal history and characteristics. At no time did Beltramea "object to the adequacy of the court's explanation at sentencing." *Williamson*, 782 F.3d at 399. His procedural challenge thus fails. *See id.* As previously explained, the district court was not required to provide a separate statement of reasons for imposing a concurrent sentence. *See Bryant*, 606 F.3d at 920.

Therefore, we hold that the district court did not procedurally err in imposing the 24-month sentence to run consecutive to the previously imposed 111-month sentence.

B. *Substantive Reasonableness*

Beltramea next argues that his sentence is substantively unreasonable because (1) he started the sale process for the Castlerock Estates lots prior to the lots being subject to forfeiture and ultimately withdrew the fraudulent mortgage; (2) his prior sentence and the restitution order provided sufficient deterrence and protection of the public; (3) his health is deteriorating; and (4) he would have been sentenced to less time had the obstruction charges been contained in the same indictment as the fraud-related charges.

We disagree. Beltramea's Guidelines range was 24 to 30 months' imprisonment, and the district court sentenced Beltramea to a low-end Guidelines sentence of 24-months' imprisonment. Because the sentence is within a properly calculated Guidelines range, it "is presumptively reasonable on appeal." *United States v. Herra–Herra*, 860 F.3d 1128, 1133 (8th Cir. 2017). For the reasons previously discussed, *see supra* Part II.A., "nothing in the record rebuts this presumption." *Herra–Herra*, 860 F.3d at 1133.

## III. *Conclusion*

Accordingly, we affirm the judgment of the district court.

_____