# United States Court of Appeals
## For the Eighth Circuit

_____

No. 17-2132

_____

United States of America

*Plaintiff - Appellee*

v.

Christopher Baskin

*Defendant - Appellant*

_____

Appeal from United States District Court
for the District of Nebraska - Omaha

_____

Submitted: November 17, 2017
Filed: January 8, 2018

_____

Before BENTON, SHEPHERD, and KELLY, Circuit Judges.

_____

BENTON, Circuit Judge.

Clarence Christopher Baskin appeals his consecutive sentences for witness tampering and drug trafficking. Having jurisdiction under 28 U.S.C. § 1291, this court affirms.

A jury convicted Baskin of witness tampering. He later pled guilty to related drug trafficking, agreeing to a sentence of 120 months. The 11(c)(1)(C) plea agreement said: "The parties have no agreement regarding whether the sentence in [the drug-trafficking case] will be concurrent with or consecutive to the sentence in [the witness-tampering case]." He "knowingly and expressly waive[d] any and all rights to appeal the . . . conviction and sentence" in both cases except, as applicable, whether the two sentences could run consecutively.

In a consolidated hearing, the district court[1] sentenced Baskin to 120 months for drug trafficking, and a consecutive 48 months for witness tampering. He appeals the sentences, arguing (1) they should run concurrently, and (2) the government violated the plea agreement by advocating otherwise.

I.

Baskin believes the district court erred in imposing consecutive sentences. This court reviews the "decision to impose a consecutive or concurrent sentence for reasonableness." *United States v. Bryant*, 606 F.3d 912, 920 (8th Cir. 2010). "A review for reasonableness is 'akin' to the 'abuse-of-discretion' standard." *Id.*, *quoting United States v. Mathis*, 451 F.3d 939, 941 (8th Cir. 2006).

U.S.S.G. § 5G1.2 "specifies the procedure for determining the specific sentence to be formally imposed" where, as here, a defendant is sentenced on "multiple counts of conviction . . . contained in different indictments . . . for which sentences are to be imposed at the same time or in a consolidated proceeding." **U.S.S.G. § 5G1.2 cmt. n.1**. It says:

---

[1] The Honorable Laurie Smith Camp, Chief Judge, United States District Court for the District of Nebraska.

(b) For all counts not covered by subsection (a), the court shall determine the total punishment and shall impose that total punishment on each such count, except to the extent otherwise required by law.

(c) If the sentence imposed on the count carrying the highest statutory maximum is adequate to achieve the total punishment, then the sentences on all counts shall run concurrently, except to the extent otherwise required by law.

(d) If the sentence imposed on the count carrying the highest statutory maximum is less than the total punishment, then the sentence imposed on one or more of the other counts shall run consecutively, but only to the extent necessary to produce a combined sentence equal to the total punishment. In all other respects, sentences on all counts shall run concurrently, except to the extent otherwise required by law.

**U.S.S.G. § 5G1.2**.

The guideline range for the drug-trafficking conviction was 188-235 months. Consistent with the plea agreement, the court imposed the agreed sentence of 120 months. The guideline range for the witness-tampering conviction was 100-125 months. The government requested the court impose "a total punishment for all of the offense conduct in the combined cases," i.e., a low end of 188 months total, or at least 68 consecutive months for witness tampering. Baskin requested the witness-tampering sentence run concurrent to the drug-trafficking sentence.

The district court said:

Well, the plea agreement left open the question of whether the sentences in these two cases would be concurrent or consecutive, in whole or in part. As noted, I'm considering the need to protect society, the need to avoid unwarranted sentencing disparities. As the parties know here, I'm

not particularly interested in the concept of punishment. But I am interested in protection of society. And I have great respect for the guidelines.

. . . .

I do think that there needs to be an additional consequence for the tampering. And I think that's not taken into consideration in the sentence that has been imposed in [the drug-trafficking case].

. . . .

What I'm going to do is impose a term of 48 months' incarceration. That will be consecutive to the term imposed in [the drug-trafficking case].

The district court thus "var[ied] downward substantially" on the witness tampering "because of the amount of time imposed" in the drug-trafficking case. It concluded:

And this is the amount of time that I determined is sufficient but not greater than necessary to serve all of the statutory sentencing goals, which I tried to list earlier on in my statement.

The district court correctly calculated the guideline range for both offenses. It then "determine[d] the total punishment." **U.S.S.G. § 5G1.2(b)**. *See United States v. Richart*, 662 F.3d 1037, 1050-51 (8th Cir. 2011) (construing "total punishment" as total sentence based, in part, on consideration of 3553(a) factors). Because of the binding plea agreement, the district court could not impose "total punishment" solely through the drug-trafficking sentence. The court thus imposed a consecutive 48-month sentence for witness tampering. *See* **U.S.S.G. § 5G1.2(d)** (requiring consecutive sentences when "the sentence imposed on the count carrying the highest statutory maximum is less than the total punishment"). This consecutive sentence—substantially below the guidelines—was reasonable. *See United States v. Bevins*, 848 F.3d 835, 841 (8th Cir. 2017) ("[I]t is an unusual case when we reverse

a district court sentence . . . as substantively unreasonable, and it is nearly inconceivable that a sentence is so high as to be substantively unreasonable and constitute an abuse of discretion when the district court imposed a below-Guidelines sentence.") (internal citations and quotation marks omitted).

Baskin asserts the district court procedurally erred by failing to explain its consecutive sentences. This assertion is without merit. The court explained its decision based on the 18 U.S.C. § 3553(a) factors, which it listed and discussed. *See United States v. Williamson*, 782 F.3d 397, 399 (8th Cir. 2015) ("First, as we have repeatedly held, 'the now-advisory Guidelines cannot mandate . . . concurrent sentencing . . . [I]f multiple terms of imprisonment are imposed on a defendant at the same time . . . the district court, in determining whether the terms imposed are to . . . run concurrently or consecutively, shall consider the factors set forth in section 3553(a).'"), *quoting Richart*, 662 F.3d at 1050.

Baskin also contends that 18 U.S.C. § 3584(a) prohibits consecutive sentences here: multiple terms of imprisonment "may not run consecutively for an attempt and for another offense that was the sole objective of the attempt." **18 U.S.C. § 3584(a)**. Stated differently, he thinks the drug-trafficking sentence cannot run consecutively to the witness-tampering sentence because "the drug trafficking offense was the sole objective of the attempted tampering." Baskin did not raise this argument in district court. This court reviews it for plain error. *See United States v. San-Miguel*, 634 F.3d 471, 474-75 (8th Cir. 2011) ("[T]here must be (1) error, (2) that is plain, and (3) that affects substantial rights [and] (4) . . . seriously affects the fairness, integrity, or public reputation of judicial proceedings.").

There is no factual or legal basis for the contention that 18 U.S.C. § 3584(a) prohibits consecutive sentences here. Baskin was convicted of witness tampering, not attempted witness tampering. Moreover, he cites no legal authority (and this court finds none) supporting his argument. An attempt conviction requires a substantial

step toward the completion of an offense with the same elements. *See United States v. Spurlock*, 495 F.3d 1011, 1014 (8th Cir. 2007) ("The elements of attempt are (1) intent to commit the predicate offense, and (2) conduct that is a substantial step toward its commission."). The "sole objective" of attempted witness tampering is completed witness tampering. *See United States v. Aimufua*, 930 F.2d 23, at \*1 (4th Cir. 1991) (holding that "§ 3584(a) addresses a situation where a defendant is charged both for an attempt and for a completed offense of the same kind"). Witness tampering and drug trafficking are different offenses with different elements; § 3584 does not apply here. *See id.* The district court did not err, let alone plainly err, by not considering § 3584(a).

II.

Baskin maintains the government violated the plea agreement. This court reviews "questions regarding the interpretation and enforcement of plea agreements de novo." *United States v. Noriega*, 760 F.3d 908, 910 (8th Cir. 2014). "Where, as here, the written plea agreement has been accepted by the district court," this court interprets "the meaning of the terms in the agreement according to basic principles of contract law." *Id.* at 910-11.

The parties agreed to a 120-month sentence in the drug-trafficking case. In the same section of the plea agreement, they said there was "no agreement" about whether the drug-trafficking and witness-tampering sentences would run concurrently or consecutively. At the change-of-plea hearing, the district court confirmed Baskin's understanding that the plea agreement "leaves open the question of whether that term of incarceration would be consecutive to or concurrent with the sentence imposed in your earlier [witness-tampering] case."

Baskin now argues that "the prosecutor's sentencing argument was a violation of the plea agreement because his argument for a partially consecutive attempted

tampering sentence was based on the prosecutor's perception of the inadequacy of his own 11(c)(1)(C) plea bargain to impose a sufficient sentence for Baskin's participation in the drug conspiracy." In other words, Baskin thinks the government violated the plea agreement by advocating for consecutive sentences, and by relying on the Guidelines range calculated in his drug-trafficking case—a range it expressly agreed would not apply in that case—as the basis for his total punishment.

Consistent with the agreement, the government requested a 120-month drug-trafficking sentence. The government then requested that the witness-tampering sentence run consecutively. Baskin disagrees with the government's request. But the request does not violate the agreement, which explicitly left open the issue of consecutive versus concurrent sentences. *See United States v. Quebedo*, 788 F.3d 768, 775 (8th Cir. 2015) ("The government does not breach a plea agreement by advocating for a particular enhancement in a case in which that enhancement was an issue that [was] not . . . agreed to or specifically listed in the [plea] agreement.") (internal quotation marks omitted); *United States v. Baker*, 674 F.3d 1066, 1068 (8th Cir. 2012) (holding no breach where the government made the recommendation required by the plea agreement).

* * * * * * *

The judgment is affirmed.

_____