# United States Court of Appeals
## For the Eighth Circuit

_____

No. 18-3369
_____

United States of America

*Plaintiff - Appellee*

v.

Rudolph E. George

*Defendant - Appellant*
_____

Appeal from United States District Court
for the Western District of Missouri - Kansas City
_____

Submitted: November 11, 2019
Filed: March 3, 2020
[Unpublished]
_____

Before SHEPHERD, GRASZ, and KOBES, Circuit Judges.
_____

PER CURIAM.

Rudolph E. George pled guilty to unlawful possession of a firearm by a felon in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2). The district court[1] sentenced

_____

[1]The Honorable Gary A. Fenner, United States District Judge for the Western District of Missouri.

George to 96 months of imprisonment to be served consecutively to an undischarged term of imprisonment imposed by the United States District Court for the District of Kansas. George argues his sentence is substantively unreasonable because the district court committed clear error in judgment when weighing the statutory sentencing factors under 18 U.S.C. §§ 3553(a) and 3584 to determine the sentences should run consecutively rather than concurrently. We affirm.

In July 2015, Kansas City Missouri Police Department officers arrested George during a traffic stop after discovering he had a handgun in his pants pocket and another handgun and .24 grams of cocaine in the vehicle. In an unrelated incident, in late September 2015, task force officers arrested George in Overland Park, Kansas, in connection with the death, by multiple gunshot wounds, of his wife whose body had been found earlier that month. During the September arrest, officers discovered George in possession of a rifle containing ammunition matching that found at the scene of George's wife's murder. George was later charged with second degree murder.

Prior to state court proceedings related to the murder allegations, but following a jury trial for the September 2015 rifle possession, the United States District Court for the District of Kansas sentenced George to 120 months of imprisonment for unlawful possession of a firearm by a felon. Although George had a base offense level of 38 and was in criminal history category VI with a United States Sentencing Guidelines ("Guidelines") range of 360 months to life, the statutorily authorized maximum sentence for the offense was 120 months.[2]

_____

[2]On December 12, 2018, George filed an unopposed Motion to Supplement the Record on Appeal with his District of Kansas Presentence Report ("Kansas PSR"). George's brief refers to information contained in the Kansas PSR, which, he argues, will allow this court to better evaluate the substantive reasonableness of his Missouri sentence. The motion to supplement is granted.

Subsequently, in the District of Missouri, George pled guilty to unlawful possession of the two handguns found in his pants pocket and vehicle in July 2015. The uncontested advisory Guidelines range was 77 to 96 months. Although George sought a concurrent sentence, and the government agreed, the Guidelines left, without a recommendation, the decision to the sentencing judge's discretion whether the Missouri sentence be served concurrently, partially concurrently, or consecutively to the Kansas sentence. The district court announced it was "considering the possibility or the appropriateness of an upward variance," then explained its reasons for imposing 96 months of imprisonment and for a sentence consecutive to the Kansas sentence stating, "Well, Mr. George there's no escaping your horrible criminal history and the fact that you have consistently posed a threat to others in society and shown disregard for the rules of law." The district court continued by specifically referencing the § 3553(a) statutory sentencing factors.

We review the substantive reasonableness of a sentence under the deferential abuse-of-discretion standard. *Gall v. United States*, 552 U.S. 38, 51 (2007). Likewise, we review the decision to impose a consecutive sentence for reasonableness, comparable to the abuse-of-discretion standard. *See United States v. Baskin*, 878 F.3d 1106, 1108 (8th Cir. 2018). "A district court abuses its discretion when it (1) fails to consider a relevant factor that should have received significant weight; (2) gives significant weight to an improper or irrelevant factor; or (3) considers only the appropriate factors but in weighing those factors commits a clear error of judgment." *United States v. Borromeo*, 657 F.3d 754, 756 (8th Cir. 2011) (quoting *United States v. Feemster*, 572 F.3d 455, 461 (8th Cir. 2009) (en banc)).

"If . . . a term of imprisonment is imposed on a defendant who is already subject to an undischarged term of imprisonment, the terms may run concurrently or consecutively . . . ." 18 U.S.C. § 3584(a). To assist in this determination, the sentencing court "shall consider, as to each offense for which a term of imprisonment is being imposed, the factors set forth in section 3553(a)." *Id.* § 3584(b). A

sentencing "court has substantial latitude to determine how much weight to give the various factors under § 3553(a)." *United States v. Peterson*, 887 F.3d 343, 349 (8th Cir. 2018) (quotation omitted). George now argues his Missouri offense was "not particularly aggravating" and he is facing a potentially large sentence for murder and related offenses. The district court explained its reasoning for sentencing George by specific reference to the § 3553(a) factors, George's criminal history, relevant conduct, and the seriousness of the offense characteristics. We see no abuse of discretion in how the district court considered and weighed the sentencing factors in this case. The district court's reasoning was sufficient and the imposition of a consecutive sentence was reasonable.

We therefore affirm the judgment.

_____